## BELSKY v. FOURTEENTH STREET STORE.

(Supreme Court, Appellate Term. February 24, 1910.)

NEGLIGENCE (§ 121*)—ACTIONS—EVIDENCE—HAPPENING OF ACCIDENT.

In absence of proof of negligence by defendant in permitting the stairway in its store to be in a faulty or dangerous condition, negligence cannot be imputed as a matter of law from the happening of an accident on the stairway.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 218; Dec. Dig. § 121.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Caroline Belsky against the Fourteenth Street Store. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Lyman A. Spalding (Theodore H. Lord and Floyd K. Diefendorf, of counsel), for appellant.

Alfred Weil, for respondent.

PER CURIAM. This is an action to recover damages for personal injuries claimed to have been sustained by the plaintiff through the alleged negligence of the defendant. The plaintiff claims to have been injured while descending a stairway in the defendant's store at about noon on the 20th day of September, 1909, claiming to have fallen on the last step and thereby sustaining an injury to her ankle.

As to the condition of the stairway, there can be no doubt, as shown from the admissions of the plaintiff and the diagram marked in evidence. There were windows opening directly on the stairway at or near the point where the accident is alleged to have occurred, which ran from the ceiling to about three feet from the floor. There is also evidence that a cluster of electric lights was suspended over the landing, and that lights were burning on the side of the stairway. These lights, which were lit daily, were seen burning on the day of the accident. The plaintiff called no other witnesses to the accident, except her physician, who testified to her injury. The defendant called four witnesses, the first being a nurse in the defendant's employ, who testified that the plaintiff walked into the sick room and described her accident as due to a misstep. The defendant also called as a witness a physician, who testified that the plaintiff stated to him that the accident was due to low shoes, which the plaintiff was then wearing. The other witnesses testified to the condition of the stairway. There is no evidence in the case that the defendant failed to use reasonable care or prudence to keep the stairway or landing in a safe condition. There is nothing to show that there was anything faulty or dangerous in the condition of the stairway or passageway at the time that the accident is alleged to have occurred, and, in the absence of proof that the defendant was negligent in some manner, it cannot be said that the mere happening of an accident can as a matter of law impute negligence.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.