ENNID M. BROADSTON, APPELLEE, V. BEDDEO CLOTHING
COMPANY, APPELLANT.

FILED MAY 15, 1920.        No. 20970.

1. **Negligence:** CARE REQUIRED OF STORE PROPRIETOR. The proprietor
of a store is not an insurer against accidents to customers, but is
bound to exercise reasonable care and prudence to keep the stair-
ways therein, which the public is tacitly invited to use, safe for
that purpose.

2. ———: PRESUMPTION. The fact that a customer falls upon a stair-
way does not raise any presumption of negligence on the part
of the proprietor of the store, and the doctrine of *res ipsa loquitur*
does not apply.

3. ———: BURDEN OF PROOF. Where recovery is sought for personal
injury sustained by a customer in falling upon a stairway on
the ground that the proprietor of the store was negligent in per-
mitting the stairway to be defective in some particular causing
the accident, the burden is upon the plaintiff to prove that the
defective condition existed and was known to the proprietor be-
fore the accident, or that it had existed for so long a time there-
tofore as to charge the proprietor with notice and to have af-
forded him a reasonable opportunity to repair the defect.

4. ———: DUTY OF STORE PROPRIETOR. It is the duty of the proprietor
of a store to maintain such a degree of light in those parts of
the premises where the public is invited to go as not unreasonably
to endanger a customer who exercises his faculties with due re-
gard for his own safety.

5. ———: ACTION FOR PERSONAL INJURIES: PROOF. In an action for
personal injuries alleged to have been sustained in consequence
of the negligence of the proprietor of a store in failing properly to
light the premises, the plaintiff cannot recover in the absence of
evidence tending to show that lack of sufficient light bore a direct
relation to the accident, as the proximate and efficient cause there-
of.

APPEAL from the district court for Douglas county:
LEE S. ESTELLE, JUDGE. *Reversed.*

*Brome & Ramsey* and *J. P. Uvick,* for appellant.

*Thomas Q. Harrison* and *James C. Kinsler, contra.*

Dorsey, C.

The plaintiff, Emnid M. Broadston, brought this action against the defendant, the Beddeo Clothing Company, to recover for personal injuries sustained in falling down a stairway in the defendant's store in the city of Omaha. The verdict and judgment were for the plaintiff, and the defendant appeals.

The plaintiff, having business as a customer with the credit manager of the store, was directed to his desk, situated in a gallery about 10 feet above the main floor and reached by a stairway. After transacting her business, she turned to descend the stairway and took one step down with her right foot, but in attempting to take the next step the heel of her left shoe, she alleged, caught or was twisted in the carpet on the floor of the gallery near the head of the stairway, causing her to trip and fall, the heel being detached from the left shoe in the operation.

In her petition the plaintiff alleged that the carpet in which her foot caught was loose, and that the gallery was insufficiently lighted; that the defendant was negligent in permitting the carpet to be loose and in failing properly to light the place; that this was a violation of the duty of the defendant to exercise reasonable care for the safety of those invited into the gallery; and that, if the defendant did not know that the carpet was loose and the gallery insufficiently lighted, it should, by the exercise of reasonable care, have known of those conditions.

The defendant in its answer denied that there was a loose carpet on the stairway or on the floor of the gallery or that there was any deficiency of light, but alleged that the accident occurred because the heels of the shoes which the plaintiff was wearing were too high for safety, and that the heel of her left shoe was insecurely fastened on, causing her to stumble and fall through her own negligence, and not because of any negligence of the defendant.

The defendant's contention is that the plaintiff's evidence is insufficient to sustain the verdict because she failed to produce any affirmative proof of any ·defect in the carpet in which she claimed her foot caught.   Her testimony relating to the carpet was, in substance, that she thought it was the carpet that she was standing on; it felt like it; she felt it twist in contact with her heel and, whatever it was, it wound around her heel and held on very firmly.   She felt it pull her heel off and distinctly felt the pull of the carpet; she had no chance to observe whether it was a carpet or the condition of it, but thought it was something like a carpet or a rug. There was no other testimony on plaintiff's part with reference to the carpet.   Several witnesses for the defendant testified that the carpet on the stairway, which extended for a short distance beyond the head of the stairway onto the gallery, was practically new, without holes or defects, and was securely tacked down.

The proprietor of a store is not an insurer against accidents to customers, but must exercise reasonable care and prudence to keep the stairways therein, which the public is tacitly invited to use, safe for that purpose. *Schnatterer v. Bamberger & Co.*, 81 N. J. Law, 558, Ann. Cas. 1912D, 159; *Field & Co. v. LeBosky*, 133 Ill. App. 316; *Lord v. Sherer Dry Goods Co.*, 205 Mass. 1, 27 L. R. A. n. s. 232; *Larkin v. O'Neill*, 119 N. Y. 221.   The mere fact that a customer falls on a stairway does not raise any presumption of negligence on the part of the proprietor of the store, and the doctrine of *res ipsa loquitur* does not apply.   *Brace v. Kirby*, 43 Pa. Super. Ct. 389; *Belsky v. Fourteenth Street Store*, 121 N. Y. Supp. 321.

Where it is alleged as the basis of recovery that the proprietor of the store was negligent in permitting the stairway on which the accident occurred to be defective in some particular causing the plaintiff to trip and fall, as, for instance, that the carpet on it was loose or in a defective condition, the burden is upon the plaintiff to show

that such defect existed and was known to the proprietor of the store prior to the accident, or that it had existed for such a space of time prior thereto as to charge the proprietor with notice thereof and afford him a reasonable opportunity to repair the defect. *Schnatterer v. Bamberger & Co., supra; Douglas v. Shepard Norwell Co.,* 217 Mass. 127; *Toland v. Paine Furniture Co.,* 175 Mass. 476.

The record in the instant case discloses no evidence either that the carpet was defective before the accident or that any such condition was or could, by any principle of implied notice, have been within the knowledge of the defendant. All of the positive evidence on the subject was the testimony of the employees of the defendant to the effect that there was no such defect. The utmost that could be inferred from the plaintiff's testimony is that when her heel caught in the carpet a defect then developed, or made itself manifest, that had been theretofore latent or concealed.

The principle followed by the authorities cited is that, in the absence of actual knowledge of the alleged defect on the part of the proprietor, it must have existed so long before the accident that, if reasonable care had been exercised in inspecting the premises, it would have become apparent, in which event it would have been negligence not to repair it. In this case the plaintiff was herself uncertain as to just what it was that caused her to fall. She made no observation to determine whether there was any defect in the carpet. No effort was made on her part to prove that a defective condition existed in the carpet prior to the accident. Her evidence, in our opinion, fell short of the proof required to establish negligence on the defendant's part in permitting a carpet which it knew, or by reasonable care would have known, to be defective to remain on the stairway or gallery.

Plaintiff also alleged that the stairway was inadequately lighted, and we shall now inquire whether that aver-

ment and the proof in support thereof can be considered a sufficient basis for a finding of negligence, independently of the allegation that the carpet was defective. The evidence offered upon that question by the plaintiff was confined to her own testimony, which was to the effect that the gallery was poorly lighted and very dark; that there were individual lights on the desks in the gallery used by employees of the credit department, which, however, lighted only the tops of the desks; that the light on the top of the credit manager's desk, which was near the stairway, was turned off; and that no light was cast upon the stairway from any of the lights in the gallery. On behalf of the defendant it was shown that there were several arc lights and gas lamps suspending from the ceiling of the store, making about 24 separate lights; that there were 6 or 8 lights attached to drop cords especially for lighting the gallery, in addition to the desk lamps, and that there was a large light depending from a drop cord directly opposite the point where the stairway turned to go up to the gallery.

In determining whether the evidence as to lighting shows a sufficient compliance with the defendant's duty of ordinary care for the safety of its customers, it should be considered in relation to the circumstances of the accident, to see what relation insufficiency of light bore to the cause of the accident. Evidently the premises were well enough lighted to disclose to the plaintiff the existence and character of the stairway and the arrangement of that part of the gallery where the credit department was located. She had no difficulty in distinguishing objects and persons in the gallery. It is not shown that she looked down where she was standing before turning to descend the stairs, and that because of poor light she was unable to see the floor or carpet.

It having been determined that the allegation that the carpet was loose or defective furnishes no ground to charge the defendant with negligence, it follows that the defendant's duty of lighting the premises ought not to

be considered from the same point of view as if the evidence showed that there was a known defect there which it was the duty of the defendant to guard against by taking unusual precautions with regard to lighting at that point. Under the circumstances of this case, it was the duty of the defendant to light the premises in such manner as to make the stairway and gallery reasonably visible to the plaintiff, so that she might, by exercising her faculties with ordinary care, get up and down the stairs with safety. *Weller v. Consolidated Gas Co.,* 198 N. Y. 98.

Nothing in the record indicates that the steps of the stairway were so obscure that she did not see them plainly enough to descend in safety. It was not a case in which she was injured in stepping down into a dark place where the obscurity misled her. There is nothing to show that lack of light had anything to do with the catching of her heel, or that if there had been more light this would not have happened. There was an entire failure, in our opinion, to establish that defective lighting had any relation to the accident as an efficient cause thereof.

There being no evidence of actionable negligence on the part of the defendant, the evidence is insufficient to support the verdict, and we therefore recommend that the judgment of the court below be reversed and the cause remanded for further proceedings.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, and this opinion is adopted by and made the opinion of the court.

                                        REVERSED.