GRACE BROWN, APPELLANT, V. DAVENPORT HOLDING COM-
PANY, APPELLEE.

279 N. W. 161

FILED APRIL 8, 1938. NO. 30285.

*Lower & Sheehan,* for appellant.

*Kennedy, Holland, De Lacy & Svoboda, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE,
CARTER and MESSMORE, JJ.

DAY, J.

This is an action for damages for personal injuries
brought against the owner and operator of an apartment
building by one who visited the premises in response to
an advertisement for the purpose of leasing an apartment.
Mrs. Brown, the appellant, stepped upon a small rug,
slipped, and fell to the floor while inspecting the apart-
ment. At the conclusion of the plaintiff's evidence, the
court directed a verdict for the defendant.

Mrs. Brown, in answer to the advertisement, visited
the apartment building with her husband and daughter for
the purpose of inspection, and with a view of leasing an
apartment for the use of her daughter. They looked at
the living-room and the kitchen, and then walked into the
bedroom. Mrs. Brown then started to walk across to the
window, and as she passed the foot of the bed she stepped
upon a small rug, slipped, and fell at the foot of the bed.
The party was shown the apartment by an agent of the
owner, and the only question presented to this court is

the liability of the owner for the condition of the floor as maintained by him. There is no dispute as to the furnishings of the room, nor as to the manner of the fall. There was a small rug at the foot of the bed and Mrs. Brown stepped upon it and fell. The floor was waxed hardwood such as the appellant was accustomed to in her own home. The evidence indicates that the floor was highly polished, and that the rug would slip. In fact, the husband of the injured woman put his foot on the rug and found it would move easily. He also turned the rug over and found that "it looked like it had been waxed, or it was just shellac underneath, now." The daughter did not make an inspection of the floor and rug; and this is the only evidence upon which to predicate liability.

Of course, an owner is bound to exercise ordinary or reasonable care for the safety of an invitee, which Mrs. Brown was in this case. 45 C. J. 823; *Tucker v. Draper,* 62 Neb. 66, 86 N. W. 917; *Broadston v. Beddeo Clothing Co.,* 104 Neb. 604, 178 N. W. 190. The owner owed the invitee ordinary care to protect her from hidden and unusual dangers, and the question arises as to whether or not there was an unusual danger in this case. The evidence does not establish that the floor was waxed except in the ordinary manner. True, it is described by the witnesses as "slippery" and "highly polished," but at the same time they declare that it was a highly polished hardwood floor. The rug was at the foot of the bed. Only one witness examined the rug, and his testimony with respect to it has heretofore been set out. While this evidence states that the bottom of the rug was waxed or shellacked, it does not establish that this rug was different in any way from other ordinary rugs and because of such difference unusually dangerous. The ordinary condition of an apartment or a home confronted the appellant. It is not comparable to a defect such as a hole in the floor, or a sloping aisle in a store. The common use of waxed and polished floors, covered with small rugs, in homes and apartments is a matter of common knowledge. In the instant case

the evidence establishes that the appellant knew of such use. They are not inherently dangerous to invitees. In the absence of unusual circumstances and conditions, the maintenance of polished hardwood floors and the use of small rugs in an apartment is not negligence for which the owner is liable to a prospective tenant invited to inspect the premises. *Nelson v. Smeltzer,* 221 Ia. 972, 265 N. W. 924. Another court held that a prospective tenant having been invited to inspect a tenement, the owner was charged to maintain it in a reasonably safe condition. *Sleeper v. Park,* 232 Mass. 292, 122 N. E. 315. Though a polished floor is slippery and light rugs are apt to slide, since such rugs are in common use their use is not negligence unless there is something unusual about them. There was nothing unusual about the floor or the rug in this case, and the verdict was properly directed.

AFFIRMED.