ANNIE C. PIERCE, APPELLANT, V. BURLINGTON TRANSPORTATION COMPANY ET AL., APPELLEES.

297 N. W. 656

FILED APRIL 25, 1941. No. 31030.

*Hoagland, Carr & Hoagland,* for appellant.

*Shuman & Overcash, J. W. Weingarten, W. P. Loomis, E. H. Evans, Urban Simon* and *Beatty, Maupin, Murphy & Davis, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

This is an action brought by Annie C. Pierce against the defendants, Burlington Transportation Company, Jensen Hotel Company and Hendryx E. Davis, to recover damages for personal injuries sustained when she slipped and fell in a rest room in the hotel operated by the Jensen Hotel Company. A demurrer to the petition filed by Hendryx E. Davis was sustained and the cause dismissed as to him. At the close of plaintiff's evidence the remaining defendants moved for a directed verdict, which motion the trial court sustained. Plaintiff appeals from the order dismissing her action.

The record discloses that the Jensen Hotel Company was

the lessee of the Pawnee Hotel building in North Platte, Nebraska, from the Neville Company. The store space on the first floor was not included in the lease, such space being leased direct to the occupants. The Burlington Transportation Company was a lessee of space for its bus depot, which space was located immediately north of the east entrance to the hotel. The bus depot had one outside entrance and one door leading to the hotel lobby. The busses stop at the bus depot entrance on the east side of the hotel.

On the morning of July 7, 1938, the plaintiff was traveling on a bus belonging to the defendant Burlington Transportation Company from Chicago to Denver. Upon arrival in North Platte the bus was stopped at the bus depot for rest and refreshment, the driver announcing that the stop would be for forty minutes. The bus driver also announced that the men's rest room would be found on the first floor off the lobby and the ladies rest room on the mezzanine floor of the Pawnee Hotel.

It appears from the record that the rest rooms were controlled and maintained by the Jensen Hotel Company for the convenience of its guests and the public generally. It was customary on the part of hotel employees to direct any person making inquiry to one of these rest rooms, whether such person had any business with the hotel or not.

On the morning of the accident plaintiff entered the hotel lobby and, upon making inquiry, was directed to the ladies rest room on the mezzanine floor. Plaintiff entered the small anteroom from the mezzanine floor and from there passed into the rest room proper. The floor level of the rest room was some six or seven inches higher than the floor level of the anteroom, which made it necessary for plaintiff to step up as she passed into the rest room proper. The floors of both rooms were black and white checkered tile and the riser of the step was black. The inner room contained two toilets and two washbowls. The rooms were well lighted and the evidence affirmatively shows that the floors were clean, dry and unobstructed.

Plaintiff testifies that she used a toilet and then returned to use one of the washbowls. While so engaged she slipped and fell over the step and against the wall. As a result she suffered a broken leg and other injuries for which damages are sought.

Plaintiff's evidence is to the effect that the floor was slippery, although she admits that it was dry and clean and that she saw nothing on it. The evidence of other witnesses is to the effect that the floor was dry and clean. No complaint is made as to the lighting. Just how the accident happened is not shown. Plaintiff apparently slipped and fell over the step and against the wall without knowing just what happened. With this evidence before him the trial judge directed a verdict for defendants.

The premises upon which the plaintiff was invited to enter and where the accident happened was a hotel which must be kept reasonably safe for all persons invited to use its facilities. The proprietor of a hotel is not an insurer against accidents to guests or other invitees. Liability arises only from a failure to exercise reasonable care and prudence in keeping the premises safe. It is true that the tile floor was hard and smooth, the same as all floors of similar construction, but this of itself is not negligence. *Kline v. Abraham,* 178 N. Y. 377, 70 N. E. 923. It does not appear that plaintiff fell because of any foreign substance on the floor or because of a want of proper lights. The mere fact that there was a step which plaintiff would have to ascend and descend in going to and from the rest room does not evidence a want of due care on the part of the hotel proprietor. Such steps are usual and customary in hotels. *Main v. Lehman,* 294 Mo. 579, 243 S. W. 91. There is nothing inherently dangerous in having the floor of a toilet and lavatory raised six or seven inches above the floor of the anteroom. *Viles v. Thunborg,* 164 Wash. 190, 2 Pac. (2d) 666; *Albachten v. The Golden Rule,* 135 Minn. 381, 160 N. W. 1012. The fact that plaintiff fell on the floor without any evidence to show how the fall was occasioned raises no presumption of negligence on the part of

the proprietor, and the doctrine of *res ipsa loquitur,* which is only applicable when the thing shown speaks of the negligence of the defendant, not merely of the happening of the accident, does not apply. *Broadston v. Beddeo Clothing Co.,* 104 Neb. 604, 178 N. W. 190; *Garland v. Furst Store,* 93 N. J. Law, 127, 107 Atl. 38.

There is a failure to prove any negligence on the part of the defendant Jensen Hotel Company. Neither is there sufficient evidence to sustain a finding that the construction was dangerous or that a dangerous condition was the cause of the accident. Considering the evidence in the light most favorable to the plaintiff, as we must do in determining the correctness of a directed verdict, we are of the opinion that it fails to make a case against the Jensen Hotel Company, the operator of the Pawnee Hotel. We think that the holding is supported by the following decisions of this court: *Broadston v. Beddeo Clothing Co.,* 104 Neb. 604, 178 N. W. 190; *Thompson v. Young Men's Christian Ass'n,* 122 Neb. 843, 241 N. W. 565; *Sokolof v. First Nat. Bank,* 122 Neb. 892, 240 N. W. 547; *Brown v. Davenport Holding Co.,* 134 Neb. 455, 279 N. W. 161.

The Burlington Transportation Company contends that there was no negligence shown and, even if there was, that the facts are not sufficient to charge it with responsibility. The record is entirely devoid of evidence that this defendant owed any duty to the plaintiff with respect to the care of the rest room. The space occupied by the Burlington Transportation Company was rented direct from the Neville Company. The businesses of the Jensen Hotel Company and of the bus company were separate and distinct, the evidence affirmatively showing that no agreement, business relation or arrangement existed between them concerning the use of hotel facilities by the Burlington Transportation Company or its employees and passengers. The record also affirmatively shows without dispute that the bus company had no right to control, maintain or care for the rest room in question. Passengers of the bus company were free to enjoy hotel privileges as any others of the public who

might care to do so. Under such circumstances no liability arises as to the bus company. *Pickwick Stage Lines v. Edwards,* 64 Fed. (2d) 758 (C. C. A. 10th Cir.). Such being the case, the trial court properly sustained the motion for a directed verdict in favor of the Jensen Hotel Company and the Burlington Transportation Company.

Other errors assigned have been examined, and we find none prejudicial to the rights of the plaintiff. The judgment of the trial court is in all respects correct.

AFFIRMED.