BERNICE BELL *vs.* DORCHESTER THEATRE COMPANY.

Suffolk.    December 1, 1941. — September 14, 1943.

Present:   FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, COX, &
RONAN, JJ.

*Negligence*, Theatre.

Evidence that an iron brace on a chair which had been in a theatre for
ten years broke when a patron sitting in the chair shifted his position
and leaned back and that the brace looked old, worn, dirty and rusty
warranted a finding of negligence of the proprietor of the theatre
toward the patron.

TORT.   Writ in the Superior Court dated February 5, 1936.
The second trial of the case was before *Greenhalge*, J.

In this court the case was argued at the bar in December,
1941, before *Field*, C.J., *Donahue*, *Dolan*, & *Cox*, JJ., and
afterwards was submitted on briefs to all the Justices.

*E. C. Park*, for the defendant.

*H. F. Tracy*, (*F. D. Branca* with him,) for the plaintiff.

LUMMUS, J.   This is an action of tort to recover for per-
sonal injuries sustained on December 21, 1935, by a patron
of a theatre operated by the defendant.   The case has been
here once before.   *Bell* v. *Dorchester Theatre Co.* 308 Mass.
118.   At the second trial the plaintiff got a verdict.   The
case is here on the defendant's exception to the denial of its
motion for a directed verdict in its favor.

There was evidence tending to prove the following facts.
The plaintiff with a woman companion bought tickets, en-
tered the theatre, and took seats where they were directed
by an usher.   They sat there for about an hour and a half
before the injury.   While sitting there the plaintiff shifted
her weight from the left to the right, leaning back in her
chair.   As she did so an iron brace on the back of the chair
broke with a loud noise, and she fell backwards against the
knees of a man sitting behind her, hurting herself.   The
seat and the back of the chair were both of wood, and the

back was attached to the seat by iron braces.  The usher soon came, and the plaintiff moved into another seat.  As the usher turned a flashlight on the broken chair, she noticed that the brace which had broken looked "worn," "old, dirty, and rusty," and in the centre where the metal had cracked it looked "like light gray."  The brace was on the back of the chair, and the back of the chair was on the floor.  The defendant, in answer to an interrogatory, declared that the seat was bought in 1924, and a witness for the defendant testified that it had been in the theatre ever since 1925 when the defendant first leased the theatre.  He testified that "the maintenance man has orders and he is supposed to check the seats mornings, every morning, and after the first show [and before the evening show] the ushers are supposed to check the seats under his supervision." The maintenance man "has got to make an inspection every day.  As far as he [the witness] knows on the day of December 21, 1935, the day of the accident, that inspection was made."  He testified that "there was a clear break and it was gray between the break," that both braces were broken, and that he saw no rust.  The broken braces were not produced, although it appeared that they had been in the possession of the defendant.

The duty of the defendant was to use reasonable care to maintain the seat in a reasonably safe condition for the use of patrons.  *Callahan* v. *New England Telephone & Telegraph Co.* 216 Mass. 334, 336.  *Hale* v. *McLaughlin,* 274 Mass. 308, 310.  *Rosston* v. *Sullivan,* 278 Mass. 31, 34, 35. *Tovey* v. *G. E. Lothrop Theatres Co.* 288 Mass. 346, 347, 348.  *Keenan* v. *E. M. Loew's, Inc.* 302 Mass. 309, 311.  It was the duty of the defendant to use reasonable care to discover any concealed defect.  *Keenan* v. *E. M. Loew's, Inc.* 302 Mass. 309, 311, 312.

"The breaking of the chair when it was being properly used for the purpose for which it was furnished warranted the jury in inferring at least that it was defective and unsafe."  *Callahan* v. *New England Telephone & Telegraph Co.* 216 Mass. 334, 336.  As in that case, the broken chair was not produced, and no explanation was made of the cause of

the break. The fact that the iron braces looked old, worn, dirty and rusty could have been discovered by proper inspection, and might well have caused a suspicion that the braces were defective and that the defect was not of recent origin. We think that the jury rightly could infer that the failure to discover and remedy the defect was due to negligence on the part of the defendant. See *Keenan* v. *E. M. Loew's, Inc.* 302 Mass. 309; *Durning* v. *Hyman*, 286 Penn. St. 376, 53 Am. L. R. 851; Am. Law Inst. Restatement: Torts, § 343, comment d.

*Exceptions overruled.*