GERALDINE M. BENEDICT, APPELLEE, V. EPPLEY HOTEL
COMPANY, A CORPORATION, DOING BUSINESS UNDER THE
NAME AND STYLE OF ROME HOTEL, APPELLANT.
65 N. W. 2d 224

Filed June 25, 1954. No. 33552.

*Mecham, Stoehr, Mecham & Hills,* for appellant.

*Mathews, Kelley, Fitzgerald & Delehant,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is an action for damages claimed to have been sustained by appellee because of injuries inflicted upon her as a result of negligence of appellant. Appellee had a verdict and judgment. A motion of appellant for a directed verdict at the close of all the evidence was denied. A motion for judgment notwithstanding the verdict and a motion for a new trial were overruled.

Appellee pleaded as a cause of action that: Appellant, a corporation, maintains and operates hotels in Omaha. One of them is the Rome Hotel. Appellant on or about March 5, 1949, operated a bingo game as a part of its activities and as an attraction to induce persons of the city and surrounding territory to the Rome Hotel. The facilities for the game, including the place where it was conducted, the tables, and the chairs, were provided by appellant. The appellee at the invitation of appellant attended the game, procured from an attendant in charge a chair, and occupied it at one of the bingo tables. She sat on the chair for a short time when it collapsed and hurled her to the floor with force and violence, and she sustained numerous and severe permanent injuries. The chair was defective in a respect unknown to appellee. The defect therein caused it to collapse and injure her. It was a folding chair constructed so that when it was not in use the seat could be folded up against the front of the back of the chair. If it was not defective or out of repair it could not and would not collapse or cause injury to a person sitting on it. The appellee invoked the doctrine of res ipsa loquitur. The defenses interposed by appellant were a denial and a plea of contributory negligence of appellee.

The Military Order of the Cooties, a branch of the Veterans of Foreign Wars, as one of its activities to raise money, had an arrangement with the Rome Hotel to put on a bingo game therein. The ballroom was usually used but on occasions more than one room was required. An amount was paid to appellant each time the accommodations were used for this purpose. Appellant had supervision of the space used for the game. It furnished the accommodations where the game was played, the tables, the chairs, and all other facilities, but the supplies required in the conduct of the game were not furnished by it. The employees of the hotel set up the tables and arranged the chairs for use of the participants and after the game they dismantled the tables and removed the chairs. A Mr. Pennington and his helpers, acting for the Military Order of the Cooties, directed the playing of the game. Appellant had a bar adjoining the bingo room or rooms and its employees served beer, mixed drinks, and other beverages as they were desired by persons attending the game. The hotel had a lunch stand and made available to anyone present coffee and sandwiches. These concession rights were reserved exclusively to appellant and it served the public for profit.

The game was scheduled to start at 8 p. m. The mother of appellee, accompanied by a friend, was at the hotel when the game started the evening of March 5, 1949. Appellee arrived there about 9:30 p. m. She paid the charge required to become one of the players, secured a chair from an attendant, took it some distance to one of the bingo tables, and placed it at the table opposite where her mother was seated, sat on the chair, and entered the game. She continued to occupy the chair for about 20 or 30 minutes when, without warning, it collapsed and caused her to suddenly descend onto the floor. She observed nothing unusual about the chair when it was furnished to her or while she was taking it to the table and experienced nothing

unusual while she was occupying it before it gave way. She used it for no purpose except to sit on it. It was a folding chair with braces, screws, and bolts to maintain it in proper condition for its intended use. After the accident it was discovered the screws and bolts on one side of the chair were missing from it.

It was the duty of the lobby porter of the hotel to inspect its chairs for defects. He did not testify and there is no proof that he performed this duty. A porter assigned to the housekeeping department was a witness for appellant. He said he sometimes helped other porters set up tables and arrange chairs for banquets and parties. He examined each chair he handled for any defects in it and if he found any he took the defective chair to the carpenter shop of the hotel. He gave no date when he made an inspection of chairs, did not claim that he handled any of the chairs provided and arranged for the bingo game the night appellee was injured, or that he had seen the chair she used that was not in normal condition that night. The other porters who handled the chairs were not produced at the trial. The Military Order of the Cooties had nothing to do with the maintenance, inspection, or repair of the chairs made available by the hotel for the use of persons attending the bingo game. The chair sometime after it had collapsed was taken and delivered by Mr. Pennington to the man who was in charge of the Rome Hotel that night. It was not produced at the trial and no evidence concerning this specific chair or its condition was offered by appellant at the trial.

It is correctly asserted by appellant that an innkeeper is not an insurer against accident and injury to invited persons upon the premises, but he must exercise reasonable care to keep the premises and facilities of the inn reasonably safe for the purposes for which they are to be used by guests and other invitees. Liability arises from failure to exercise reasonable care and prudence in that regard. The rule is stated in Pierce v. Burlington

Transportation Co., 139 Neb. 423, 297 N. W. 656: "The premises upon which the plaintiff was invited to enter and where the accident happened was a hotel which must be kept reasonably safe for all persons invited to use its facilities. The proprietor of a hotel is not an insurer against accidents to guests or other invitees. Liability arises only from a failure to exercise reasonable care and prudence in keeping the premises safe." In McMahon v. Regis Hotel Co., 147 Neb. 751, 25 N. W. 2d 24, the court said: "The law imposes a duty on an innkeeper to furnish safe premises to his guests, and to provide the customary articles of furniture, which may be used by them in the ordinary and reasonable way, without danger. * * * The duties and liabilities of an innkeeper are not those of an insurer, and extend only to the exercise of reasonable care * * *." See, also, Annotation, 18 A. L. R. 2d 973.

Appellee did not allege or attempt to prove specific negligence. She says a chair does not ordinarily collapse when it is sat on by a person if the one responsible for its maintenance and who has its management uses reasonable care to keep it reasonably safe for the purpose of its intended use. She relies upon res ipsa loquitur. This doctrine of the law is that if a thing which causes injury is shown to be under the control and management of a defendant and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence in the absence of explanation by the defendant that the accident arose from want of proper care. That is, the thing shown speaks of the negligence of the defendant. The facts of the occurrence permit, but do not compel, an inference of negligence. It is said in Miratsky v. Beseda, 139 Neb. 229, 297 N. W. 94: "Where a structure, the collapse of which causes an injury, is shown to be under the management of a defendant, and the collapse is such as in the ordinary course does not happen if those who have

its management use proper care, the collapse affords reasonable evidence, in the absence of explanation by the defendant, that it arose from want of care." See, also, Johnson v. Weborg, 142 Neb. 516, 7 N. W. 2d 65; Watson Bros. Transp. Co. v. Chicago, St. P., M. & O. Ry. Co., 147 Neb. 880, 25 N. W. 2d 396; Security Ins. Co. v. Omaha Coca-Cola Bottling Co., 157 Neb. 923, 62 N. W. 2d 127.

Appellant attempts to avoid the application of the doctrine of res ipsa loquitur to this case by asserting the defect in the chair concerned in the accident was latent and could not have been discovered by reasonable care. It was a folding chair equipped with metal braces fastened to it with screws or bolts so that it could be operated and when not folded up could be safely used as a chair. There is no proof that the braces or fasteners were not exposed to view. It is a reasonable inference that they were and that a casual examination before or at the time the chair was given to appellee to be used by her would have disclosed the defect in the chair because the screws and bolts on one side of the chair were missing and this was learned after it collapsed by merely looking at it. A latent defect in an article of this nature is one that exists in such a way that discovery is impossible by the exercise of reasonable inspection and care. Knies v. Lang, 116 Neb. 387, 217 N. W. 615, 57 A. L. R. 1022; McMahon v. Regis Hotel Co., supra; Watson Bros. Transp. Co. v. Chicago, St. P., M. & O. Ry. Co., supra. The defect in the chair was not latent.

The McMahon case above cited is confidently relied upon by appellant to sustain its assertion that the defect in the chair was latent. Its effort in this respect is not convincing. The defect in the bench which caused the accident involved in that case was obviously latent. There was no proof that defendant knew or ought to have known of the defective condition existing in the bench. The doctrine of res ipsa loquitur was not attempted to

be invoked therein by the person who was injured. She charged and attempted unsuccessfully to prove specific negligence. The McMahon case is not helpful in the disposition of this case.

The applicability of the doctrine of res ipsa loquitur to this case is denied by appellant because it asserts that its chair occupied by appellee at the time of the accident was in her exclusive possession and control from the time she got it from a person who had been using it, moved it up to the table, and sat on it, a period of about 30 minutes. Her acts in reference to the chair were limited to transportation of it from where she first saw it in the hallway connecting the Embassy Room and the ballroom of the Rome Hotel to the table in the latter room where the game was in progress and sitting on it. She occupied the chair as an invitee of appellant. She had no right or duty to examine it for defects. She had a right to assume it was a safe instrumentality for the use she had been invited by appellant to make of it. Appellant had the ownership, possession, and control of the chair under the circumstances of this case and it was obligated to maintain it in a reasonably safe condition for the invited use made of it by the appellee. The fact that the chair when it was being properly used for the purpose for which it was made available gave way permits an inference that it was defective and unsafe and that appellant had not used due care in reference to it.

In Miratsky v. Beseda, *supra,* this court said: "Here the bleachers were under the management and control of the defendant Katolicka Sokol. The plaintiff Bessie Miratsky had an implied invitation not only to enter the grounds where the exhibition was staged, but also to occupy a seat in the stands provided by the management for the use of its patrons. She had a right to rely upon the safe condition of the seat provided for her. In the ordinary course of things, such bleachers do not collapse if proper care is used in their construction and

maintenance. The collapse of the bleachers affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

Rose v. Melody Lane, 39 Cal. 2d 481, 247 P. 2d 335, involved the fact that a patron of a cocktail lounge was injured when the stool on which he was sitting collapsed. He sought to recover damages by application of the doctrine of res ipsa loquitur. The court said: "Plaintiff was entitled to rely upon the doctrine of res ipsa loquitur. * * * That doctrine applies if the accident in question would not ordinarily have happened in the absence of negligence and if defendant had exclusive control over the instrumentality causing the injury. * * * Seats designed for use by patrons of commercial establishments do not ordinarily collapse without negligence in their construction, maintenance, or use. * * * Defendant and its agents were in exclusive control of the stool up to the time plaintiff sat upon it. It is true that in one sense plaintiff was in control of the stool while he was using it; at least one court has held that this circumstance is sufficient to prevent the application of res ipsa loquitur. (Kilgore v. Shepard Co., 52 R. I. 151, 154 [158 A. 720]; * * *.) Such a view is artificial and ignores the purpose of the requirement that defendant have exclusive control. * * * Once it has been established that the accident was more probably than not the result of negligence, it need only be determined that defendant is the sole person who could have been guilty of that negligence. * * * Here it was the condition of the stool, not the use made of it, that was responsible for the fall. Plaintiff had done no more than sit upon it when it gave way, and there is no suggestion that his conduct was in any way improper. So far as construction, inspection, or maintenance of the stool were concerned, defendant had exclusive control. Plaintiff's action had no more legal significance as a cause of the accident than those of the innocent bystander in the typical res ipsa loquitur case.'"

The plaintiff in Gow v. Multnomah Hotel, Inc., 191 Or. 45, 224 P. 2d 552, 228 P. 2d 791, sued the hotel of which he was a guest for damages because a counter stool on which he was sitting broke and threw him to the floor. He relied upon res ipsa loquitur. It was contended he could not prevail because he had possession of the broken stool. The court said: "Under the doctrine of res ipsa loquitur plaintiff's mere possession of a chattel injuring him does not prevent a res ipsa loquitur case where it is clear that he has done nothing abnormal and has used the thing only for the purpose for which it was intended."

Fox v. Bronx Amusement Co., 9 Ohio App. 426, concerned the circumstance of a patron of a motion picture theatre being injured therein during a performance by the collapse of a seat occupied by the patron. The court sustained the claim that the doctrine of res ipsa loquitur was available to the plaintiff. The opinion contains this: "This theatre was under the management of the defendant, and in the ordinary course of things such accidents do not happen if proper care is used. The plaintiff was lawfully in this theatre, had an implied invitation not only to enter the theatre but occupy a seat provided by the management thereof, and she had a right to rely upon the safe condition of the seat provided for her, and the breaking of the seat itself affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

See, also, Brown v. Cleveland Baseball Co., 158 Ohio St. 1, 106 N. E. 2d 632; Gross v. Fox Ritz Theatre Corp., 12 Cal. App. 2d 255, 55 P. 2d 227; Bell v. Dorchester Theatre Co., 314 Mass. 536, 50 N. E. 2d 814; Clark-Daniel's, Inc. v. Deathe (Tex. Civ. App.), 131 S. W. 2d 1091; Herries v. Bond Stores, Inc., 231 Mo. App. 1053, 84 S. W. 2d 153; Burchmore v. Antlers Hotel Co., 54 Colo. 314, 130 P. 846; Schueler v. Good Friend North Carolina Corp., 231 N. C. 416, 57 S. E. 2d 324, 21 A. L. R. 2d 417; Zappala v. Stanley Company of America, 124 N. J. Law 569, 12 A. 2d 691; Reinzi v. Tilyou, 252 N. Y. 97, 169 N. E.

101; Jesionowski v. Boston & Maine R. R., 329 U. S. 452, 67 S. Ct. 401, 91 L. Ed. 416, 169 A. L. R. 947; Annotation, 21 A. L. R. 2d 454.

Appellant stresses Kilgore v. The Shepard Co., 52 R. I. 151, 158 A. 720, as sustaining its claim that appellee had control of the chair while she was using it and that this circumstance prevents her having the benefit of the doctrine of res ipsa loquitur. Appellant has correctly stated the conclusion of the Rhode Island court. That case is substantially sui generis. A decision of any court has not been found that approves the doctrine of the Rhode Island court in this regard. It has been condemned by other courts as expressing an artificial view, ignoring the purpose of the requirement that defendant have exclusive control of the instrumentality in question, and as not being in line with current authority on the subject. Herries v. Bond Stores, Inc., *supra;* Clark-Daniel's, Inc. v. Deathe, *supra;* Rose v. Melody Lane, *supra.* It opposes the principle of the decisions of this court referred to herein.

An issue in this case was the amount appellee was entitled to recover if the jury found for her. The evidence concerning this issue was conflicting. The trial court gave no instruction on this subject. The charge to the jury did advise it that appellee was required to prove by a preponderance of the evidence as one of the indispensable elements of her case "The character and extent of plaintiff's injuries and the amount of her damages, if any." There was no other mention of damages or of amount of recovery in the charge. The jury was not advised as to any basis upon which damages could be assessed by it. This omission is plain prejudicial error. It cannot be ascertained from the record what was the basis of the recovery awarded appellee. It is mandatory that the district court instruct the jury as to each issue in the case. McKain v. Platte Valley Public Power & Irr. Dist., 151 Neb. 497, 37 N. W. 2d 923; Krepcik v. Interstate Transit Lines, 154 Neb. 671, 48 N. W. 2d

839. Borcherding v. Eklund, 156 Neb. 196, 55 N. W. 2d 643, is decisive of this phase of the case: "A jury should be fully and fairly informed as to the various items of damages which it should take into consideration in arriving at its verdict. In this respect it is the duty of the trial court to instruct as to the proper basis upon which damages are to be assessed for each such item." See, also, Hickman-Williams Agency v. Haney, 152 Neb. 219, 40 N. W. 2d 813.

Instructions given the jury are challenged. The substance of the first of these advised the jury that appellee was required to prove by a preponderance of evidence that the chair occupied by her at the time of the accident was in the control and management of appellant; that the circumstances shown by the evidence according to common knowledge and experience created a clear inference that the accident would not have happened if appellant had not been negligent; and the character and extent of the injuries of appellee, and the amount of any damages she sustained. This was followed by a statement that if the jury found appellee had sustained this burden and that the evidence offered by appellant "fails to rebut the presumption or destroy the inference, then your verdict will be in favor of plaintiff." If considering all the evidence the presumption is rebutted or destroyed appellee could not recover. "Rebut" means to meet, to contradict, or to refute. The other instruction in effect informed the jury that appellee had the burden of proving negligence and this was not changed by the "doctrine of law mentioned"; that appellant was not required to overcome the inference by a preponderance of the evidence; that to hold appellant liable the inference of negligence must have greater weight and more convincing force on the mind of the jury "than the opposing explanation offered by the defendant"; and that "If such a preponderance in plaintiff's favor exists, then it must be found that some negligent conduct on the part

of the defendant was a proximate cause of the accident and injury * * *."

The first instruction objected to says if the evidence offered by appellant "fails to rebut the presumption" and if "the presumption is rebutted." There was no previous mention of presumption. The word inference had been used by the court. It was proper if not necessary for the jury to understand that inference and presumption were different things, because of the language "fails to rebut the presumption or destroy the inference." The jury was wholly unaided concerning the meaning of the words "the presumption" as employed by the trial court. The advice to the jury that if the evidence of the defendant "fails to rebut the presumption or destroy the inference, then your verdict will be in favor of the plaintiff" permitted it to understand that appellant was obliged to explain how the accident happened and to overcome by evidence any inference of negligence that arose because of the collapse of the chair. Appellant was not required to explain the cause of the accident or to overcome any inference of negligence. It was privileged but not required when appellee rested her case to go forward with any proof that was available that it had used due care to furnish a safe chair. If appellant submitted no proof it remained a question for the jury to decide whether appellee had shown circumstances sufficient to justify finding negligence on the part of appellant that was the proximate cause of the accident and injury.

In Schroble v. Lehigh Valley R. R. Co., 62 F. 2d 993, the court considered an instruction which informed the jury that there was a presumption of negligence arising from the happening of the accident which the " 'defendant should meet' " and " 'It is for you to consider whether that testimony explains away the presumption of negligence that I have just outlined to you.' " The testimony referred to was produced by the defendant and concerned the inspection of the railroad cars prior

to the accident and that they were found to be in good condition. The court in condemning the instruction said: "As the charge then stood, the jury might have thought that the defendant was obliged to explain how the accident happened and to overcome by evidence any inference of negligence that arose from the derailment. There was * * * an inference of negligence. * * * But the burden of establishing by a preponderance of evidence that the defendant was negligent was always upon the plaintiff, and, if the inference of negligence arising from the unusual occurrence and defendant's proof of inspection and due care finally left the jury in doubt whether the derailment was caused by the negligence of the railroad or not, the defendant was entitled to a verdict. Consequently the instruction that the defendant was bound to 'explain away the presumption of negligence' was not correct. Nor was it fairly cured by the instruction that 'the burden is on the plaintiff to prove negligence,' for the instruction about the burden of proof was confused by the prior statement that it was the duty of the defendant to 'explain away the presumption of negligence.' The defendant was not obliged to explain the cause of the derailment, but only to go forward with proof that it had exercised due care to furnish a safe equipment."

In Sweeney v. Erving, 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D 905, the court said: "In our opinion, res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. * * * When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff." In that case the

Supreme Court of the United States quoted with approval this language from Stewart v. Carpet Co., 138 N. C. 60, 50 S. E. 562: "The rule of res ipsa loquitur does not relieve the plaintiff of the burden of showing negligence, nor does it raise any presumption in his favor. Whether the defendant introduces evidence or not, the plaintiff in this case will not be entitled to a verdict unless he satisfies the jury by the preponderance of the evidence that his injuries were caused by a defect in the elevator attributable to the defendant's negligence. The law attaches no special weight, as proof, to the fact of an accident, but simply holds it to be suffiicent for the consideration of the jury even in the absence of any additional evidence." See, also, Security Ins. Co. v. Omaha Coca-Cola Bottling Co., *supra;* Keithley v. Hettinger, 133 Minn. 36, 157 N. W. 897, Ann. Cas. 1918D 376; Annotation, 53 A. L. R. 1511; 65 C. J. S., Negligence, § 220, p. 1025; 38 Am. Jur., Negligence, § 309, p. 1006.

The judgment of the district court should be and it is reversed and the cause is remanded.

REVERSED AND REMANDED.