Minna LA PLACE et al., Plaintiffs,

v.

Benjamin ABLEMAN et al., Defendants.

Civ. A. No. 2143.

United States District Court
D. Delaware.

July 6, 1960.

**340**

Howard M. Handelman and Abraham Hoffman, Wilmington, Del., for plaintiffs.

David Snellenburg, II, Wilmington, Del., for defendants.

LAYTON, District Judge.

This is a motion by the defendants for summary judgment. Under Federal Rules of Civil Procedure 56(c), 28 U.S.C., the motion can be granted only if the pleadings, depositions, and admissions on file together with the affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law.

The facts may be summarized as folows. Defendants, Mr. and Mrs. Ableman, on October 18, 1958, were owners of a home located in Wilmington, Delaware. On the evening of October 18, 1958, the plaintiffs, Mr. and Mrs. LaPlace, paid a social visit to Mr. and Mrs. Ableman at the latter's invitation. Soon after their arrival, Mrs. LaPlace fell on a small rug while going from the living room into the hall, and injured herself. Plaintiffs filed suit against the defendants alleging in the third count of the complaint that the defendants negligently and carelessly permitted the living room floor and the small rug thereon to become and remain in a dangerous and unsafe condition and that this condition had existed long prior to the time of the injuries to the plaintiff, Minna LaPlace, to the knowledge of the defendants. The defendants filed an answer denying plaintiffs' allegations in count three of their complaint.

The floors in the Ableman home had been waxed during the week immediately preceding the accident. The scatter rug of light material upon which Mrs. LaPlace fell was equipped with a rubber undercoating as an integral part of the rug in order to prevent slipping. The rug was somewhat worn and the rubber undercoating had become smooth. Defendant, Mrs. Ableman, had several times prior to the accident washed the rug, and one reason for washing was the accumulation of excess wax on the underside of the rug. After the accident, defendant, Mr. Ableman, examined the rug and discovered that there was some wax collected on the underside. It was also determined that the rug had been washed during the week preceding the accident. The defendant, Mrs. Ableman, testified that she had seen her grandson fall on the same carpet in the same location at a time before the plaintiff's accident.

Mrs. LaPlace was present in the Ableman home as a social guest. The law governing situations of this sort is laid down in Maher v. Voss, Del.Super.

1951, 7 Terry 418, 84 A.2d 527, 529, as follows:[1]

" * * * No liability rests upon a possessor of land, even to a business visitor, for bodily injury caused by a dangerous condition on the land, if the visitor knows of the condition and realizes the risk involved. But the possessor is subject to liability to gratuitous licensees if, and only if, he (a) knows of the condition and realizes that it involves an unreasonable risk to the licensee and has reason to believe that they will not discover the condition or realize the risk, and (b) invites or permits the guests to enter or remain upon the land without exercising reasonable care to make the condition reasonably safe or to warn them of the condition and the risk involved therein. The owner is not obliged to prepare a safe place for the licensee's use, but his duty is satisfied if he discloses the known condition of peril to the guest. * * * "

Generally, the Courts have held that, in the absence of unusual circumstances, the maintenance of small, throw rugs on polished floors is not negligence. Brown v. Davenport Holding Co., 1938, 134 Neb. 455, 279 N.W. 161, 118 A.L.R. 423; Cutro v. Scranton Medical Arts Bldg., 1938, 329 Pa. 382, 198 A. 141.

However, relatively minor circumstances have been held to take a case out of this general rule. For example, in Burg v. Great Atlantic & Pacific Tea Co., 7 Cir., 256 F.2d 613, a polished floor having a 3 per cent incline was held to be a question for a jury. In Hennessey v. Hennessey, 1958, 145 Conn. 211, 140 A. 2d 473, rain standing on a polished floor was held to constitute such an additional factor as to justify the upholding of a jury verdict of negligence. And, likewise, in J. C. Penney Co. v. Campbell, Okl.1958, 325 P.2d 1056, a jury verdict against the defendant was upheld where a floor was polished in such fashion as to leave pieces of pure wax thereon, thereby rendering it excessively slippery.

In addition to the factors of a throw rug on a highly polished floor, we have in the instant case the following circumstances: (1) the rubber on the underside of the rug was somewhat worn, (2) there was some wax collected on the underside of the rug, and (3) the defendant had seen her grandson fall on the same rug on a previous occasion.

In my judgment, these additional facts are enough to justify the denial of defendants' motion for summary judgment.

Order in accordance with the foregoing.

1. The Restatement, Torts, Negligence, Chap. 13 is the same.