Maxeen **MITCHELL** et vir, Appellants,

v.

**BAKER HOTEL OF DALLAS, INC.,**
Appellee.

No. 8267.

Court of Civil Appeals of Texas, Texarkana.

April 15, 1975.

Rehearing Denied May 13, 1975.

John E. Collins, McGuire, Levy & Collins, Irving, Joe H. Tonahill, Jasper, for appellants.

J. Dan Bohannan, Burford, Ryburn & Ford, Richard B. Ouer, Dallas, for appellee.

CORNELIUS, Justice.

Appellant Maxeen Mitchell filed suit against appellee Baker Hotel of Dallas, Inc. to recover damages for personal injuries suffered when she slipped and fell in the ballroom of appellee's hotel. The trial court granted appellee's motion for summary judgment.

Appellant was a sales representative of Stanley Home Products Company. She came to appellee's hotel in July of 1970 to attend a company meeting. On the second evening of her stay at the hotel, she attended an awards banquet at the hotel's Crystal Ballroom. She remained seated at her table from about 6:30 until about 11:00 when she was called to the head table to receive an award. She had walked about twelve feet toward the head table when she slipped and fell. Appellant alleged that her fall was caused by the appellee's negligence in (1) keeping its ballroom floor in an unusually slick condition; (2) placing an excessive amount of wax upon the floor;

(3) causing the floor to have a high degree of polish; (4) failing to warn of the floor's slick condition; and (5) failing to maintain the floor in a safe condition. Appellant contends that summary judgment was improper because she raised genuine issues of fact regarding appellee's negligence.

■ The general rules applicable to cases of this kind are well settled. An innkeeper must exercise reasonable care to furnish his guests safe accommodations and to maintain them in proper condition at all times. 31 Tex.Jur.2d Innkeepers, Sec. 4, p. 386. As a corollary of that duty, the innkeeper must warn his guests of any dangerous condition which is not apparent to one exercising ordinary care. Ann. 118, A.L.R. p. 426. In a slip and fall case where the injured guest, as here, relies upon the waxed or polished condition of the floor itself as negligence rather than the presence of some foreign substance on the floor, it is not sufficient to prove merely that the floor was waxed, highly polished, or slippery. There must be proof of specific negligence either in the application of the wax or polish, or in the cleaning and maintenance of the floor. Rogers v. Collier, 223 S.W.2d 560 (Tex.Civ.App. San Antonio 1949, writ ref'd); Russell v. Liggett Drug Co. Inc., et al., 153 S.W.2d 231 (Tex. Civ.App. Dallas 1941, writ ref'd w. o. m.). See also Asmussen v. New Golden Hotel Company, 80 Nev. 260, 392 P.2d 49 (1964); Pierce v. Burlington Transp. Co., 139 Neb. 423, 297 N.W. 656 (1941); Kay v. Audet, 306 Mass. 337, 28 N.E.2d 462 (1940), and Abt v. Leeds & Lippincott Co., 109 N.J.L. 311, 162 A. 525 (1932). However, evidence that the floor was in a different condition from that which would have resulted from proper waxing and cleaning, e. g. that there was *excessive* wax or oil on the floor or that the floor was *unusually* slippery, may raise an inference that the wax or polish had been negligently applied or that the floor had been improperly cleaned or maintained. Hohlt Co. v. Routt et al., 48 S.W.2d 386 (Tex.Civ.App. Galveston 1932, writ dism'd). See also Baker v.

Manning's, Inc., 122 Cal.App.2d 390, 265 P.2d 96 (1953), and First Federal Savings & Loan Ass'n of Miami v. Wylie et al., 46 So.2d 396 (S.Ct. Florida 1950).

■ In a case of this nature the defendant moving for a summary judgment has a heavy burden. To be entitled to summary judgment on the basis of no negligence, he has the negative burden to refute by *uncontradicted* summary judgment proof every allegation the plaintiff has made of negligence proximately causing the injury. If he refutes every allegation of negligence, but the plaintiff then comes forward with summary judgment evidence tending to contradict the defendant's negative proof, a fact issue is thereby raised which precludes the rendition of a summary judgment. See Rosas v. Buddies Food Store, 518 S.W.2d 534 (Tex.1975); Guidry v. Neches Butane Products Company et al., 476 S.W.2d 666 (Tex.1972); Adam Dante Corporation d/b/a Adam and Eve Health Spa v. Sharpe, 483 S.W.2d 452 (Tex.1972); Caton v. Kelley, 424 S.W.2d 698 (Tex.Civ. App. Houston 1st Dist. 1968, writ ref'd n. r. e.); Scott v. T. G. & Y. Stores, 433 S.W.2d 790 (Tex.Civ.App. Houston 14th Dist. 1968, writ ref'd n. r. e.); Rackley v. Model Markets, Inc., 417 S.W.2d 89 (Tex. Civ.App. San Antonio 1967, writ ref'd n. r. e.); Vanlandingham et ux. v. First Savings & Loan Ass'n et al., 410 S.W.2d 218 (Tex.Civ.App. El Paso 1966, writ ref'd n. r. e.).

To determine if appellee here met its burden we must analyse the summary judgment proof. Appellee filed no affidavit in support of its motion, but relied wholly upon deposition testimony. The testimony of the witness George Morehead, who was head banquet houseman, and Mrs. Burks, who was the personnel director, among other things showed the following: the waxing procedures and materials used were normal and in accordance with the manufacturer's instructions; the floor was waxed only under Morehead's supervision and only twice a·year, in the winter and in April;

it had not been waxed between April and July when the fall occurred; no oil or additional wax is applied between waxings or when spots are cleaned by mopping and buffing; when the floor is waxed it is followed by two or three moppings or buffings which remove all excess wax; Morehead supervised the sweeping of the ballroom prior to the awards banquet, and the floor was not overwaxed or unduly slick; Mrs. Burks inspected the floor the morning after the banquet, and it was in a normal condition; Mrs. Burks walked throughout the floor the morning after the banquet and did not notice any slick parts, and the floor did not have much of a luster on it. In addition, there were admissions in the deposition of appellant to the effect that she noticed nothing unusual about the floor, and had no difficulty walking to her table; that she had no difficulty getting back to her feet after she fell, and she continued her trip to the head table and back to her table without difficulty; that she noticed no water or foreign substance on the floor; and that probably half of the four hundred people present that evening walked the same general route which she walked, and had no difficulty. For contradiction of appellee's summary judgment evidence the appellant relies only upon her deposition testimony and her affidavit to the effect that the floor was slick; that it appeared to be *waxed* and slippery " . . . more so than I would ordinarily expect from a hardwood floor;" that when she fell both feet slipped out from under her; that five other people fell on the floor the same night, although in an area other than where she fell; that neither her shoes nor dress impaired her ability to walk; that nothing of an alcoholic nature was served at the banquet; and that "afterwards I found a build-up of material on the bottom of my shoes that I identified as a wax substance."

Upon careful consideration of the summary judgment proof we have concluded that appellee successfully refuted, by uncontradicted summary judgment evidence, all of the appellant's allegations of negligence. Summary judgment was therefore proper.

■ The allegation that the floor was "in an unreasonably slick condition" was effectively refuted by proof of the normal waxing and cleaning procedures, the inspections of the floor before and after the banquet which showed the floor to be not overwaxed or unduly slippery but in a normal condition, by the fact that some two hundred people traveled the same route as appellant without difficulty, and by appellant's testimony that she noticed nothing unusual about the floor and had no trouble continuing her journey after she fell. On the other hand, appellant produced no evidence that the floor was "unusually slick," but only her assertion that it was slippery *"more so than I would ordinarily expect . . .".* As to the allegation that the floor had a "high degree of polish," appellee's evidence showed the contrary, and appellant did not counter that with evidence supporting the allegation. Likewise, the allegation that the floor was not in a safe condition was refuted by appellee's summary judgment proof which is recounted above, and was not contradicted by appellants' summary judgment evidence. The mere fact that appellant fell does not raise an inference of negligence. Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374 (1948); 63 A.L.R.2d Ann. 634-635. Neither does the fact that others fell, constitute evidence of negligence unless it is shown what caused them to fall. The allegation that appellee placed excessive wax on the floor presents more difficulty, but we believe it likewise was refuted. Appellee produced summary judgment evidence that the floor was waxed only twice a year, the last time prior to the accident being in April; that standard procedures for waxing and cleaning were always followed; that the excess wax is removed by mopping and buffing; and that immediately prior to and subsequent to the banquet, inspections revealed that the floor was in a normal condition, not overwaxed or

unusually slick. On the other hand, there was no summary judgment evidence that *excessive* wax was placed or allowed to accumulate on the floor unless the appellants' assertion that afterwards she identified a wax substance on her shoes can be said to raise an inference that excessive wax was present. The presence of oil or wax on the injured parties' shoes or clothing, *together with other corroborating facts or circumstances,* has been held to raise an inference of excessive or improper waxing or polishing. See S. H. Kress & Co. v. Hall, 154 S.W.2d 278 (Tex.Civ.App. Galveston 1941, writ ref'd w. o. m.); Hohlt v. Routt et al., *supra;* Lyon v. Dr. Scholl's Foot Comfort Shops, Inc., 251 Minn. 285, 87 N.W.2d 651 (1958); Baker v. Manning's, Inc., *supra;* First Federal Savings & Loan Ass'n of Miami v. Wylie et al., *supra;* Henderson et al. v. Progressive Optical System et al., 57 Cal.App.2d 180, 134 P.2d 807 (1943); Hendsey v. Southern New England Telephone Co., 128 Conn. 132, 20 A.2d 722 (1941). But corroborating circumstances are not present in this case. We do not believe that, standing alone, appellant's assertion that she found wax on her shoes is sufficient to raise an inference of negligent or excessive waxing, especially since appellant did not indicate where she was or how long after her fall it was that she found the wax, but only that she found it "afterwards". The remaining allegation of failure to warn of the floor's slick condition was rendered ineffective by the summary judgment proof noted above, since there would be no duty to warn unless the floor constituted a dangerous condition.

 Although appellee's summary judgment proof consisted largely of testimony of its own employees who were interested witnesses, that testimony was clear, direct and positive without contradiction or circumstances tending to discredit it, and was therefore sufficient to support summary judgment. Great American Ins. Reserve Co. v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.1965); Bingham v. Gibson Products Company, Inc., of Odessa, d/b/a Gibson Discount Center, Store No. 1, 464 S.W.2d 713 (Tex.Civ.App. El Paso 1971, writ ref'd n. r. e.) and cases there cited.

Having concluded that appellee successfully met its burden of showing a lack of negligence, it is unnecessary for us to pass upon appellee's claims of contributory negligence and assumption of risk.

The judgment of the trial court is affirmed.