Maxeen MITCHELL et vir, Petitioners,

v.

BAKER HOTEL OF DALLAS, INC., Respondent.

No. B–5385.

Supreme Court of Texas.

Oct. 15, 1975.

**578**

McGuire, Levy & Collins, John E. Collins, Irving, for petitioners.

Burford, Ryburn & Ford, Wayne Pearson and J. Dan Bohannan, Dallas, for respondent.

PER CURIAM.

Maxeen Mitchell brought this suit against the Baker Hotel of Dallas to recover damages for injuries suffered when she slipped and fell in the hotel ballroom. The trial court rendered summary judgment in favor of the defendant, Baker Hotel, and the court of civil appeals affirmed. 523 S.W.2d 316.

The plaintiff's cause of action is based upon her allegations and deposition testimony to the effect that the floor was slick; that it appeared to be waxed and slippery "more so than I would ordinarily expect from a hardwood floor"; that when she fell both feet slipped out from under her; that five other people fell on the floor that same night, although in an area other than where she fell; that "afterwards I found a build-up of material on the bottom of my shoes that I identified as a wax substance."

The basis of the summary judgment is that the defendants' uncontradicted summary judgment evidence successfully refuted the plaintiff's allegations of negligence. The deposition testimony of the defendants' employees was to the effect that the floor had not been waxed between April and July when the fall occurred; no oil or additional wax had been applied between waxes; that the ballroom was swept prior to the banquet; and that the floor was not over waxed or unduly slick. The defendants' personnel director testified she inspected the floor the following morning and that it was in a normal condition.

The movant for a summary judgment has the burden of establishing that there exists no material issue of fact and that the movant is entitled to judgment as a matter of law. The summary judgment evidence here does not establish as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action; therefore, it will not support a summary judgment for the defendant. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972); *Farley v. Prudential Insurance Company*, 480 S.W.2d 176 (Tex.1972); *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970); *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41 (Tex.1965). The decision of the court of civil appeals is in conflict with this Court's opinions cited herein.

Pursuant to Texas Rules of Civil Procedure, Rule 483, we grant writ of error and, without hearing oral argument, reverse the judgments of the district court and court of civil appeals, and remand the cause to the district court for trial.