JAMES H. WELSH, APPELLEE, v. JEFFERSON COUNTY AGRICULTURAL SOCIETY, APPELLANT.

FILED APRIL 30, 1931. No. 27707.

*Chambers & Holland* and *John C. Hartigan,* for appellant.

*Heasty, Barnes & Rain, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is an action for damages for personal injuries arising out of an accident on the grounds of the Jefferson County Agricultural Society. Plaintiff was injured when a bench broke and injured his leg. From a verdict and judgment in favor of plaintiff, the defendant appeals.

The defendant contends that there is not sufficient evidence of negligence to sustain the verdict of the jury. The plaintiff bases his claim for damages on his allegation that the society was negligent in the construction and maintenance of the bench. It was a temporary affair, erected for the comfort and convenience of its patrons during the four days of the fair, after which it was taken down. It was built by unskilled carpenters, of 2 by 4's or 2 by 6's driven into the ground with pieces across them and 2 by 12's about 16 feet long on top. Just before the accident the plaintiff had been sitting on the bench. When the fireworks started, the crowd came from a previous attraction, and in order to see better some of them stood upon the bench. While the plaintiff was in the act of getting up, the bench broke, injuring the calf of his leg and his heel. The evidence does not indicate the stampede of an uncon-

trollable and unwieldy crowd, but rather the usual and average movement of an orderly crowd at a fair following the various attractions. The plaintiff had paid admission into the grounds.

It is the general rule that, while one who operates a place of public amusement or entertainment is held to a stricter accountability for injuries to patrons than owners of private premises generally, he is not the insurer of the safety of patrons, but owes to them only what, under the particular circumstances, amounts to ordinary and reasonable care. In conformity to this general rule the great weight of authority supports the view that in the conduct of a fair, for amusement and entertainment, a county agricultural society owes its patrons the duty to use ordinary and reasonable care under the particular circumstances, but is not the insurer of their safety. *Clark v. Munroe County Fair Ass'n*, 203 Ia. 1107; *Smith v. Cumberland County Agricultural Society*, 163 N. Car. 346; *Williams v. Mineral City Park Ass'n*, 128 Ia. 32; *Logan v. Agricultural Society of Lenawee County*, 156 Mich. 537; *Le Cato v. Eastern Shore of Virginia Agricultural Ass'n*, 147 Va. 885. This view is supported in a measure, though not analogous, by *Lyman v. Hall*, 117 Neb. 140, and *Wilson v. Thayer County Agricultural Society*, 115 Neb. 579.

The only question remaining in this case is whether the bench which broke, injuring the plaintiff, was properly constructed for the purpose for which it was intended, or was the defendant negligent in its construction. Where an agricultural society places temporary wooden benches for the comfort and convenience of its patrons, it is required to exercise ordinary and reasonable care to construct them in a manner to be safe, not only for ordinary seating purposes, but also to withstand rough usage which experience showed was customary from people moving about and standing on the seats. *Gallin v. Polo Grounds Athletic Club*, 214 N. Y. Supp. 182; *Scott v. University of Michigan Athletic Ass'n*, 152 Mich. 684; *Phillips v. Butte Jockey Club & Fair Ass'n*, 46 Mont. 338; *Dunn v. Agricultural Society*, 46 Ohio St. 93.

In such a case, what is ordinary and reasonable care under the particular circumstances is ordinarily a question for the jury. *Clark v. Munroe County Fair Ass'n*, 203 Ia. 1107. Applied to the record in this case, there was evidence of the construction of the bench and of the circumstances under which it broke sufficient to require that the question of ordinary and reasonable care be submitted to the jury. The fact that the bench broke under the circumstances was evidence to be considered by the jury upon this question. This is not to say, however, that the doctrine of *res ipsa loquitur* applied. The jury having found from the evidence that this defendant failed to use ordinary and reasonable care, this court will not disturb its finding.

AFFIRMED.