ANTON MIRATSKY ET AL., APPELLANTS, V. BESEDA ET AL., APPELLEES.

297 N. W. 94

FILED MARCH 21, 1941.   Nos. 30944, 30945.

230

*Fischer, Fischer & Fischer,* for appellants.

*James T. English* and *Crofoot, Fraser, Connolly & Stryker, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

SIMMONS, C. J.

These cases present the question, does the rule of *"res ipsa loquitur"* apply?

In June, 1938, the defendant corporation, Katolicka Sokol, sponsored a gymnastic exhibition for which an admission fee was charged. For that purpose, it rented and paid for the use of grounds of the defendant Beseda. The defendant Katolicka Sokol erected temporary bleachers on the grounds, so arranged that there were six rows of seats, each elevated behind the other. Plaintiffs attended the exhibition, paid their admissions, were directed to seats in the bleachers and sat on the third row from the top. The lower rows of seats were fully occupied. Just as the exhibition was starting, the seats moved to the right, the bleachers collapsed to the ground and plaintiff Bessie Miratsky was injured. The method of construction of the seats and the cause of the collapse are not shown.

Plaintiff Bessie Miratsky sues for her injuries; plaintiff Anton Miratsky, the husband of Bessie, sues for his expenses and loss of his wife's services. The cases were consolidated for trial.

At the close of plaintiffs' case in chief, the defendant Katolicka Sokol moved for a directed verdict, for the reason that the evidence was entirely insufficient to sustain a verdict against it, and the defendant Beseda moved for a dismissal, for the reason that the evidence was insufficient to warrant a verdict against it. The trial court sustained both motions. The cases were consolidated on appeal.

In *Welsh v. Jefferson County Agricultural Society*, 121 Neb. 166, 236 N. W. 331, this court held: "While one who operates a place of public amusement or entertainment is held to a stricter accountability for injuries to patrons than owners of private premises generally, he is not the insurer of the safety of patrons, but owes to them only what, under the particular circumstances, amounts to ordinary and reasonable care. * * * The only question remaining in this case is whether the bench which broke, injuring the plaintiff, was properly constructed for the purpose for which it was intended, or was the defendant negligent in its construction. * * * In such a case, what is ordinary and reasonable care under the particular circumstances is ordinarily a question for the jury."

Plaintiffs rely upon the doctrine of *res ipsa loquitur*, and, admitting that no actual negligence was proved, contend that negligence sufficient to make a *prima facie* case could be implied from the collapse of the structure itself.

The rule is stated as follows: "Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care." 45 C. J. 1193. See 20 R. C. L. 185, sec. 156.

Here the bleachers were under the management and control of the defendant Katolicka Sokol. The plaintiff Bessie Miratsky had an implied invitation not only to enter the grounds where the exhibition was staged, but also to occupy a seat in the stands provided by the man-

agement for the use of its patrons. She had a right to rely upon the safe condition of the seat provided for her. In the ordinary course of things, such bleachers do not collapse if proper care is used in their construction and maintenance. The collapse of the bleachers affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care. See *Fox v. Bronx Amusement Co.*, 9 Ohio App. 426; *Larrabee v. Des Moines Tent & Awning Co.*, 189 Ia. 319, 178 N. W. 373.

The defendant relies upon *Welsh v. Jefferson County Agricultural Society, supra,* and in particular upon the sentence in the opinion, "This is not to say, however, that the doctrine of *res ipsa loquitur* applied." This court did not there reject the rule. The statement is that it did not apply to the case there determined. In the *Welsh* case, the manner of the construction of the bench, the material used, and the cause of its collapse, were testified to by plaintiff's witnesses.

The rule is not applicable, "where there is direct evidence as to the precise cause of the accident and all the facts and circumstances attendant upon the occurrence clearly appear." 45 C. J. 1206. See *Knies v. Lang,* 116 Neb. 387, 217 N. W. 615.

The rule of *res ipsa loquitur* applies to the case so far as the defendant Katolicka Sokol is concerned. The trial court erred in directing a verdict in its favor.

As to defendant Beseda, a different situation exists. It rented the ground to the Katolicka Sokol. It did not own the bleachers. It did not construct them. It did not manage them or control them. Before the rule can be applied, "It must appear * * * that the negligent cause or thing which produced the injury complained of was wholly and exclusively in the possession, and under the control or management, of defendant." 45 C. J. 1214. The trial court did not err in sustaining the motion to dismiss made by defendant Beseda.

As to the defendant Katolicka Sokol No. 1 of South Omaha, the cause is reversed and remanded for further

proceedings. As to the defendant Beseda, the judgment of the trial court is affirmed.

AFFIRMED IN PART AND REVERSED IN PART.