WATSON BROTHERS TRANSPORTATION COMPANY, APPELLEE,
v. CHICAGO, ST. PAUL, MINNEAPOLIS AND OMAHA
RAILWAY COMPANY, APPELLANT.

25 N. W. 2d 396

FILED JANUARY 3, 1947.   No. 32108.

*Dressler & Neely,* for appellant.

*Beber, Klutznick, Beber & Kaplan,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and ANKENY, District Judge.

CARTER, J.

This is an action for damages growing out of a collision between two trucks belonging to the plaintiff and two refrigerator cars belonging to the Fruit Growers Express Company but which were in the possession of and being moved by the defendant. The jury returned a verdict for $1,457.18, upon which a judgment was entered. The defendant appeals.

The evidence shows that plaintiff's truck consisting of a tractor and trailer came down Douglas Street in Omaha for the purpose of picking up freight at the General Electric Building, located on the southwest corner of the intersection of Eighth and Douglas Streets. Two box cars belonging to defendant were standing directly east of the loading dock, which made it necessary for the truck to back in diagonally to get the freight. While the truck stood on defendant's lead track on Eighth Street with its motor running and the driver and his helper contemplating the proper method of reaching the loading dock, two other box cars farther south became disengaged from defendant's switch engine and rolled into the standing box cars, pushing them into the trailer of the truck. Immediately prior to this collision a second truck belonging to the plaintiff came abreast of the first truck. The driver of the second truck, observing the impending collision, backed up in an attempt to afford room for the first truck to avoid the accident. It resulted in the first trailer being shoved into the second, causing damage to both. No damage was caused to either of plaintiff's tractors.

Three railroad tracks occupy Eighth Street at the point where it crosses Douglas Street. The lead track, the main track with relation to the other two, occupies the center of

the street and is the one on which the accident occurred. The other two lie one on each side of the lead track. They are industrial tracks which branch off from the lead track. The evidence shows that defendant's switch engine was being operated upon one of these industrial tracks to move some loaded cars onto the lead track. As the switch engine pushed three of these cars north on Eighth Street, two of them broke away and contributed to the accident, as hereinbefore recited. The evidence shows that the cars became detached because of a bent pin rod and pin-rod casting. The tracks slope from south to north. While a switchman on the moving cars set the hand brakes, the braking power was not sufficient to bring the cars to a stop before the collision.

It is also shown by the evidence that the approach to the Douglas Street river bridge crosses Eighth Street at the intersection where the accident occurred. Vehicular traffic enters Eighth Street from Douglas Street by a one-way traffic lane on the right-hand side of the bridge approach. The one-way traffic lanes were marked as such by the traffic department of the city of Omaha. The area where the accident occurred was also officially designated as a "no parking" area.

The defendant contends that under this state of facts no negligence on the part of the defendant is shown and that plaintiff's employees were guilty of negligence more than slight as a matter of law when compared with the negligence of the defendant, if any negligence on its part is established. Of course, if either of these contingencies be true, the defendant would be entitled to judgment at the direction of the court.

The defendant had no exclusive right to operate its engines and cars on Eighth Street. Pedestrian and vehicular use, particularly the latter, was heavy at this intersection. Each had a right to make a reasonable use of the street. A pedestrian or a vehicle operator does not become a trespasser or a licensee so as to absolve the railroad company of its duty to exercise ordinary care to prevent injury to him or his property while using the portion of the street

occupied by the railroad tracks. The defendant was obliged to know that vehicular traffic might be using the street at the point where the accident occurred. It is required to operate its engines and cars in a reasonably safe manner and to guard against injury to all others making a proper use of the street. Defendant's employees knew that the street was much used by vehicular traffic, just as plaintiff's employees knew that switch engines were moving cars in this area practically the whole day. A railroad track occupying a street used constantly by vehicular traffic in an industrial district is not of itself a warning of danger. The drivers of vehicles have a right to assume that moving cars will not be switched across unguarded street intersections and that all moving cars will be duly guarded or kept under control so far as necessary to protect others having a right to use a street or street intersection.

The evidence shows that the defect on the coupler was ascertainable on inspection of its parts, but to a trainman engaged in moving cars it was a defect which the employees could not be expected to observe. The grade slopes in the direction in which the cars rolled. We think the evidence is ample to sustain a finding that the defendant failed to exercise due care in the handling of the cars in question.

The applicable rule is stated in Miratsky v. Beseda, 139 Neb. 229, 297 N. W. 94, as follows: " 'Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care.' 45 C. J. 1193. See 20 R. C. L. 185, sec. 156." See, also, Mercer v. Omaha & C. B. St. Ry. Co., 108 Neb. 532, 188 N. W. 296.

But the defendant contends that negligence on its part must be proved and that there is no presumption of negligence to be inferred from the fact that the cars became disengaged from the switch engine. While it might be said

that the employees in the switching crew had no duty to inspect the equipment each time they made use of it, that does not necessarily mean that the defendant was thereby absolved from liability. Certainly, a duty is imposed upon the defendant to take reasonably prudent precautions to prevent injury to persons using a public street jointly with the railroad company. This duty requires the use of reasonably safe equipment and reasonable inspections thereof by some employee of the defendant. The use of defective equipment cannot be excused by proof that the defect was not apparent to the employee using it. The defect was not a latent one, all of the evidence being that it could have been observed on close inspection. Under such circumstances it is for the jury to determine whether the defendant's employees handled the cars in a reasonably prudent manner, and also whether the defendant provided for reasonable inspections and precautions to prevent injury to the public. This was the tenor of the instructions given by the court.

Defendant complains of the following instruction: "You are instructed that in this case the fact that the freight cars became detached from the defendant's freight engine affords reasonable evidence of negligence on the part of said defendant, in the absence of an explanation by the defendant that it could not, by the exercise of ordinary care, have discovered the reason for said detachment in time to have prevented the accident." We think this instruction states the rule in a substantially correct manner under the evidence in this case and contains no error prejudicial to the defendant. Certainly, when considered with all the other evidence and circumstances in the case, and in the absence of any explanation by the defendant that it could not in the exercise of ordinary care have discovered the cause of the disengagement of the cars in time to have prevented the accident, the jury may properly infer negligence from the fact that the cars became disengaged.

The next contention advanced is that the plaintiff was guilty of contributory negligence in such a degree as to

bar a recovery. It is urged that plaintiff's truck driver was guilty of negligence more than slight when compared with the negligence of the defendant as a matter of law when he stopped his truck on the railroad track, an obvious place of danger. It is also shown that an ordinance of the City of Omaha prohibited any vehicle to be parked, allowed to stand upon, over or across any railroad or street railway track at any time. There was also evidence showing that "no parking" and "one-way" traffic signs were officially posted on Douglas Street where it crosses Eighth Street. We have many times held, and we reiterate it here, that violations of ordinances and traffic regulations constitute evidence of negligence only, which the jury may properly consider in determining a question of negligence and the degree thereof. Violations of such are not negligence per se. Huston v. Robinson, 144 Neb. 553, 13 N. W. 2d 885; Gleason v. Baack, 137 Neb. 272, 289 N. W. 349.

Whether or not plaintiff's truck driver was negligent in stopping on the track in question was clearly for the jury. It is not negligence to make a reasonable use of a public highway, and temporary stops do not ordinarily afford a basis for a charge of negligence. We think that Village of Wonewoc v. Taubert, 203 Wis. 73, 233 N. W. 755, and Pugh v. City of Des Moines, 176 Iowa 593, 156 N. W. 892, cited by defendant, are consistent with this view. While it is true that, in the present case, there was a city ordinance prohibiting stopping on railroad and streetcar tracks, its violation constitutes evidence of negligence only, which could properly be considered by the jury along with all the other evidence in the case in determining whether the plaintiff was guilty of negligence contributing to the accident, and the degree thereof. But a temporary stop on a railroad track under the circumstances here shown does not constitute contributory negligence sufficient to bar a recovery as a matter of law. It was clearly for the jury. The jury could well find under the evidence in this case, as they did, that the proximate cause of the accident was the breaking away of the two box cars in the manner heretofore shown.

Complaint is made that the evidence is insufficient to sustain an allowance of damages based on the loss of use of the damaged trailers. There is evidence that plaintiff was regularly renting trailers to. augment its own equipment. The evidence shows that the damaging of the trailers required their replacement by renting others in their stead. Evidence of the rental value of trailers was before the jury. The finding of the jury was consistent with the evidence, and the jury having passed upon it, no basis exists for the court to interfere with its findings. The evidence was sufficient to sustain this portion of the verdict.

We have examined the instructions given by the court and those offered by the defendant and we find no error prejudicial to the defendant in the court's action with reference thereto.

AFFIRMED.