WILLIAM NOWNES, APPELLEE, v. HILLSIDE LOUNGE, INC.,
A CORPORATION, APPELLANT.
137 N. W. 2d 361
Filed October 15, 1965. No. 35952.

Gaines, Spittler, Neely, Otis & Moore and Daniel G. Dolan, for appellant.

Schrempp, Lathrop, Rosenthal, Albracht & Bruckner, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

This is an action for damages brought by William Nownes as plaintiff against Hillside Lounge, Inc., the defendant. The jury returned a verdict for the plaintiff in the amount of $6,000. The defendant's motion for new trial was overruled and it has appealed.

The defendant operates a bar known as the Hillside Lounge at Eightieth and Blondo Streets in Omaha, Nebraska. The plaintiff is a carpenter, 36 years of age. On October 25, 1961, the plaintiff entered the Hillside Lounge, sat down on a stool at the bar, and ordered a bottle of beer. When the plaintiff first sat on the stool he noticed that it had a "slight wiggle" and that the entire stool seemed to move. At first he leaned forward and rested his elbows on the cushion railing of the bar. After he had been served and had taken two swallows of beer, he shifted his weight to the back, the stool tipped over, and he was thrown to the floor and injured.

The bar stool consisted of a seat supported by a cylindrical column that was bolted to a metal plate. The metal plate was 5 inches square and was fastened to the floor of the building by concrete nails or fasteners which were approximately $\frac{1}{4}$ inch in diameter and $1\frac{1}{2}$ inches long. The floor was constructed of concrete covered with asphalt tile.

The stool tipped over because the plate came loose from the floor. After the accident, two of the fasteners were protruding from the plate. The concrete floor had flaked away where the stool had been installed and there were holes in the concrete where the fasteners had been inserted.

The plaintiff did not allege or prove specific acts of negligence but relied upon the doctrine of res ipsa

loquitur. Where the thing which causes injury is shown to be under the control and management of the defendant and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of an explanation by the defendant, that the accident arose from want of proper care. Sober v. Smith, *ante* p. 74, 136 N. W. 2d 372.

The defendant contends that the doctrine of res ipsa loquitur is not applicable in this case and that the trial court should not have submitted the case to the jury upon that basis. The defendant argues that the doctrine is not applicable where the evidence establishes why, as well as how, the accident occurred; that the defendant is not liable for latent or concealed defects which are the result of ordinary wear and tear; and that the defendant is not liable for the negligence of an independent contractor who installed the stools for the defendant.

The evidence in this case shows that the accident occurred because the plate which was fastened to the floor became loose. There are many reasons why the plate may have become loose. The defendant had an opportunity to explain why the accident happened if he was able to do so.

The bar stool which caused the injury in this case was under the exclusive control and management of the defendant. If the defendant had exercised proper care, the stool would not have come loose from the floor while a customer was using it. Rose v. Melody Lane, 39 Cal. 2d 481, 247 P. 2d 335. We believe that the doctrine of res ipsa loquitur is applicable and in the absence of an explanation from the defendant, the facts permit an inference of negligence on the part of the defendant.

The evidence does not support the defendant's theory that the defect was latent or concealed and the result of ordinary wear and tear. The stools had been installed 3 or 4 days before the bar opened on September 18, 1961.

When the plaintiff sat down he noticed that the stool seemed to be loose. The defendant's manager testified that he had inspected the premises at the time the installation of the fixtures was completed, but that there was no reason for him to inspect the stools after that because he had not had any trouble with them.

The bar stools were installed by the Griswold Fixture Company. The evidence does not establish, as a matter of law, whether the fixture company was an independent contractor. The defendant could not escape liability by employing an independent contractor to make a defective installation of the bar stool. It was the duty of the defendant to keep the premises and facilities of the bar reasonably safe for the purposes for which they were to be used by its customers. Benedict v. Eppley Hotel Co., 159 Neb. 23, 65 N. W. 2d 224. Liability arises from the failure to exercise reasonable care and prudence in that regard. See Doyle v. Franek, 82 Neb. 606, 118 N. W. 468.

By instruction No. 17 the jury was advised that if a prior injury or infirm condition of the plaintiff had become dormant or static and was aggravated or activated by the negligence of the defendant, the defendant would be liable for the whole of such result. The defendant contends that this instruction was erroneous because the evidence failed to establish with reasonable certainty that the plaintiff had sustained a permanent injury, and the jury was not required to reduce damages for loss of future earnings to their present value.

The plaintiff did not allege or prove a loss of future earnings and the trial court did not instruct the jury in reference to a loss of future earnings. It was unnecessary for the trial court to advise the jury that damages for loss of future earnings should be reduced to their present value.

The plaintiff has a history of back injuries. In 1953, the plaintiff fell from a truck while unloading lime. He again injured his back in 1954 and 1957. In 1957, a

laminectomy was performed and the fourth lumbar disk was removed. The plaintiff testified that he made a satisfactory recovery from the 1957 surgery and did not have further trouble with his back until he fell at the defendant's bar in October 1961.

A second lumbar laminectomy was performed in January 1962. At that time dense scar tissue was found in the area of the fourth interspace. The scar tissue and some bone fragments were removed in the second operation. Dr. William Weingarten who performed both operations testified by deposition that the scar tissue was a result of the recent injury and the previous surgery. Dr. Weingarten further testified that he examined the plaintiff in April 1962; that the plaintiff was then having difficulty with his back but was attempting to return to work; that he thought that the plaintiff's eventual permanent disability would be approximately 20 percent; and that the accident at the defendant's bar in October 1961 caused further and more serious damage to the plaintiff's back.

Although the plaintiff had permanently injured his back previous to 1961, the evidence shows that the plaintiff was not disabled at the time of the accident at the defendant's bar in October 1961. The evidence further shows with reasonable certainty that the plaintiff sustained a permanent injury as a result of the accident in October 1961. We conclude that instruction No. 17 was not erroneous. See 15 Am. Jur., Damages, § 81, p. 490.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.