FRANCES McCALL, APPELLANT, v. ST. JOSEPH'S HOSPITAL,
APPELLEE.
165 N. W. 2d 85

Filed February 14, 1969. No. 36946.

Shrout, Nestle & Caporale, for appellant.

Kennedy, Holland, DeLacy & Svoboda, Joseph P. Cashen, Lyman L. Larsen, and William J. Riedmann, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and STUART, District Judge.

WHITE, C. J.

The question involved in this case is hospital liability under the doctrine of res ipsa loquitur for staphylococcus infection occurring after and in connection with an operation performed in the defendant hospital. The district court sustained the defendant's motion for summary judgment, holding that there was no genuine issue of fact presented by the pleadings and the evidence. We affirm the judgment of the district court.

The plaintiff, for reversal, relies on the contentions that there were genuine issues of fact on the propositions: (1) That the hospital was in exclusive control of the instrumentality or agency which caused the infection, and (2) that the injury complained of would not have occurred in the ordinary course of things if those who had control of the instrumentality or agency had used proper care.

On January 11, 1963, the plaintiff was hospitalized with a condition diagnosed as a herniated disc. The plaintiff was subsequently operated upon for that condition on January 28, 1963, by two doctors employed for that purpose by the plaintiff. The plaintiff was given sedation during the operation and although not fully conscious during its progress, she was partially aware of nurses, doctors, and others who were not identifiable in the operating room. The surgery was performed without incident. During the course of post-operative care the doctors examined the bandage on the wound but did not remove it. Three of four days after the operation the plaintiff was visited by staff doctors and interns, who

caused the surgical dressing to be removed for purposes of examining the incision area. A few days after the operation, the plaintiff complained of pains in her back and right leg together with a high temperature, chills, and vertigo. Subsequently, an infection found to be staphylococcus auerus, was found at the site of the surgery. Extensive injuries and disability are alleged as a result of this infection.

The evidence, by depositions and affidavit, is undisputed. Under the law, are there any inferences that may be reasonably and legally drawn that would present a genuine issue of fact for trial by the finders of fact? This is the test. Ingersoll v. Montgomery Ward & Co., 171 Neb. 297, 106 N. W. 2d 197 (1960). The affidavit of the assistant administrator of the hospital, Mr. Flickenger, is in the record and is undisputed. Flickenger had direct control and supervision of the operation of the hospital, and he had knowledge of the practices and procedures followed by the surgeons who are on the staff of the hosptal and who perform the operations therein. The undisputed evidence is that from the time the surgeon arrives at the surgical unit in the hospital, the surgeon has full and complete direction and supervision of the patient as well as all persons maintained and employed in the surgical room.

As mentioned, this case is founded on the doctrine of res ipsa loquitur. It should be carefully borne in mind in a discussion of this case that there are no allegations of specific acts of negligence. The examination of whether there is a genuine issue of fact must be related solely to the issues raised under the required elements of the doctrine of res ipsa loquitur. Much of the argument of the plaintiff herein seems to convert actually into an argument that there would be evidence to sustain findings of specific acts of negligence.

The doctrine of res ipsa loquitur simply stated is that the accident and the resulting injuries are such that in the ordinary course of things the accident does not

happen if those who have the exclusive management or control of the instrumentality or agency, proximately causing such accident, or injuries, use proper care. This is the rule in Nebraska. Miratsky v. Beseda, 139 Neb. 229, 297 N. W. 94; Watson Bros. Transp. Co. v. Chicago, St. P., M. & O. Ry. Co., 147 Neb. 880, 25 N. W. 2d 396; Asher v. Coca Cola Bottling Co., 172 Neb. 855, 112 N. W. 2d 252; Benedict v. Eppley Hotel Co., 159 Neb. 23, 65 N. W. 2d 224.

Research reveals continued adherence to the classic statement of the doctrine by Chief Justice Erle in Scott v. London & St. Katherine Docks Co., 3 H. & C. 596, where he stated: "There must be reasonable evidence of negligence. * * * But where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by defendants, that the accident arose from want of care."

Our position appears to be substantially the same. In Miratsky v. Beseda, 139 Neb. 229, 297 N. W. 94, this court said: " 'Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care.' "

Other jurisdictions which have considered the use of the doctrine in hospital cases have universally held that these same requirements must exist. Ybarra v. Spangard, 25 Cal. 2d 486, 154 P. 2d 687, 162 A. L. R. 1258; Frost v. Des Moines Still College of Osteopathy & Surgery, 248 Iowa 294, 79 N. W. 2d 306; Leach v. Ellensburg Hospital Assn., Inc., 65 Wash. 2d 925, 400 P. 2d 611; Gormley v. Montana Deaconess Hospital, 149

Mont. 12, 423 P. 2d 301; Horner v Northern Pacific Beneficial Assn. Hospitals, Inc., 62 Wash. 2d 351, 382 P. 2d 518.

As applied to hospital and malpractice cases, perhaps the best analysis of the evidence necessary to sustain an action for res ipsa loquitur is the case of Horner v. Northern Pacific Beneficial Assn. Hospitals, Inc., 62 Wash. 2d 351, 382 P. 2d 518. In that case the court stated as follows: "* * * negligence may then be inferred in three situations without affirmative proof thereof: (1) When the act causing the injury is so palpably negligent that it may be inferred as a matter of law, i.e., leaving foreign objects, sponges, scissors, etc., in the body, or amputation of a wrong member; (2) when the general experience and observation of mankind teaches that the result would not be expected without negligence; and (3) when proof by experts in an esoteric field creates an inference that negligence caused the injuries."

In the light of these principles, we now examine the first issue presented in this case as to whether from the undisputed evidence there was a genuine issue of fact on the proposition that a staphylococcus infection at the surgical site does not ordinarily result if those who are in control use proper care. It seems obvious that an infection at the surgical site would not be "so palpably negligent" that it would require negligence to be inferred as a matter of law. Nor can it be inferred from the general experience and observation of mankind that infections on open wounds do not ordinarily occur unless negligence is present. The essence of res ipsa loquitur is that the facts speak for themselves and lead to a proper inference of negligence by the fact finder without further proof. Neither authority nor reason will sustain any proposition that negligence can reasonably be inferred from the fact that an infection originated at the site of a surgical wound. To permit a jury to infer negligence would be to expose every doctor and dentist to the charge of negligence every time an infection originated at the site of a wound. We note the complete absence

of any expert testimony or any offer of proof in this record to the effect that a staphylococcus infection would automatically lead to an inference of negligence by the people in control of the operation or the treatment of the patient. We come to the conclusion that there is no merit to this contention.

We deem it pertinent herein to examine the second issue raised by the plaintiff, namely, to the effect that there is a genuine issue of fact on the proposition that the defendant hospital was in exclusive control of the instrumentality or agency which caused the infection. This question has been a troublesome one for the courts in examining the issue with reference to its applicability to hospital surgical procedures. The courts seem to have had no difficulty where the issue of exclusive control revolved around an injury caused by a heating pad, a portable heat lamp, or other equipment commonly used and exclusively controlled by the employees of the hospital. When a particular instrumentality is not known by the plaintiff to have caused the injury complained of, the courts have relaxed the requirement that the plaintiff identify the specific instrument or instrumentality or agency which caused the injury. See Ybarra v. Spangard, 25 Cal. 2d 486, 154 P. 2d 687. The courts have held generally that the exclusive control requirement of the doctrine of res ipsa loquitur is satisfied if it is shown that the injury resulted from an external force applied while the plaintiff was in the control or custody of the defendants, even though by subsequent explanation some of the defendants are exonerated from the charge of negligence. The courts in examining this issue have generally held that control is exclusive if it is shown that there was no possibility that a third party, *not a defendant*, could have caused the injury. The plaintiff in her petition herein was unable to identify the specific instrumentality or agency which allegedly caused the infection. She alleged and contended, however, in her petition, that exclusive control

of whatever instrumentality it was that proximately caused the infection was vested in the defendant hospital at the exclusion of any third party. The undisputed evidence pierces this allegation. The evidence in this case does show that the infection occurred in the area of the surgical wound. But the surgeons are not defendants in this case. The undisputed evidence is that during the period of the operation, and immediately subsequent thereto, the surgeons had exclusive control and custody of the plaintiff and that during this period of time there was ample opportunity for the infection to be implanted. Stated conversely, the undisputed evidence presented forecloses any possible proof that the defendant hospital was in exclusive control of the plaintiff at all times when the infection could have occurred or been implanted. We deem it significant that the undisputed evidence affirmatively shows that a reasonable inference, if not a reasonable probability, could be drawn that the infection occurred during the period of the surgical operation. The bandages were not touched or removed by either the surgeons or the hospital staff until after the plaintiff suffered the symptoms leading to the discovery of the staphylococcus infection.

We come to the conclusion that the judgment of the district court sustaining the motion for summary judgment is correct; that under the pleaded doctrine of res ipsa loquitur as distinguished from a possible cause of action for specific negligence, and under the allegations of the pleadings and their piercing by the undisputed facts, there is no genuine issue of fact present. The judgment of the district court is correct and is affirmed.

AFFIRMED.

SPENCER, J., dissenting.

I respectfully dissent from the majority opinion herein for the reason that I believe there is an issue of fact which presents a jury question.

The case comes to this court on the sustaining of defendant's motion for summary judgment. As the major-

ity opinion says: "The plaintiff, for reversal, relies on the contentions that there were genuine issues of fact on the propositions: (1) That the hospital was in exclusive control of the instrumentality or agency which caused the infection, and (2) that the injury complained of would not have occurred in the ordinary course of things if those who had control of the instrumentality or agency had used proper care."

A summary judgment is permissible only when a party is entitled to it as a matter of law, where it is clear what the truth is, and that no genuine issue remains for the jury. This is not the situation herein.

There is evidence in this record from one of the surgeons that the infection could only have happened in surgery. In response to a question as to how that could be, he said: " 'Well, evidently it was an unsterile instrument.' " Regardless of the testimony of the hospital administrator that the surgeons had full and complete direction and supervision of the plaintiff as well as of processes maintained and employed by the hospital in the surgical room, it is a fact that members of the hospital staff prepare the surgical room before it is turned over to the surgeon. This necessarily must include the furnishing of sterile instruments.

I believe that res ipsa loquitur is applicable herein, and that the motion for summary judgment should not have been sustained.