HAROLD JACK FYNBU, AS FATHER AND NEXT FRIEND OF JEFFREY H. L. FYNBU, A MINOR, APPELLANT, V. ALBERT E. STRAIN, DOING BUSINESS AS MIDGET AMUSEMENTS, APPELLEE.

211 N. W. 2d 917

Filed November 9, 1973. No. 38993.

Nelson, Harding, Marchetti, Leonard & Tate and Richard P. Nelson, for appellant.

Baylor, Evnen, Baylor, Curtiss & Grimit, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is an action by the father and next friend of Jeffrey H. L. Fynbu who was injured while riding on a small ferris wheel owned and operated by the defendant. The action was dismissed at the close of the plaintiff's evidence. The issue presented by the appeal is whether the plaintiff's evidence raised a question for the jury.

The accident happened on June 1, 1970, when Jeffrey was about 4½ years old. He had gone to a shopping

center with his grandmother; brothers; Eddie Drews, a neighbor boy; and Jacob Bauer, a friend of his grandmother. After arriving at the shopping center, Jeffrey, his brother John, and Eddie rode several children's rides that were in operation. The accident occurred during Jeffrey's second ride on the ferris wheel.

The ferris wheel was equipped with six cars or enclosures designed to carry children 12 years of age or less. Each car contained two seats which were enclosed by expanded wire mesh on the sides. Jeffrey, John, and Eddie were riding together in one car when Jeffrey was injured. The top of the car was open and Jeffrey had been looking over the side to see the number on the car. Jeffrey testified that "A bump hit my head" and he started to scream because his ear hurt. When the car reached the ground, the ferris wheel was stopped and Jeffrey was removed from the car. He was found to have severe lacerations to his left ear and the area immediately above and below the ear. There was some cartilage damage to the ear. The surgeon who treated Jeffrey testified that "most" of the lacerations appeared to have been of a mashing or crushing type that is caused by something dull as distinguished from a sharp object.

John Fynbu testified that Jeffrey started to scream while his head was sticking out at the top; that Jeffrey tried to get down but his head was stuck; that "The neighbor was trying to pull him down and he couldn't get his head out"; and that Jeffrey did not get his head loose before the ferris wheel stopped.

The plaintiff relies upon the doctrine of res ipsa loquitur. Where the thing which causes the injury is under the control and management of the defendant and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in absence of an explanation by the defendant, that the accident arose from want of proper care. Nownes v. Hill-

side Lounge, Inc., 179 Neb. 157, 137 N. W. 2d 361.

The applicability of the doctrine, which is a qualification of the general rule that negligence is not presumed but must be proved, depends upon the facts and circumstances in each case. Security Ins. Co. v. Omaha Coca-Cola Bottling Co., 157 Neb. 923, 62 N. W. 2d 127. It is applicable only where the evidence shows the accident or injury was caused by the instrumentality or thing under the control of the defendant. This is sometimes referred to as the "foundation fact." See 58 Am. Jur. 2d, Negligence, § 480, p. 55. Proof that an accident happened and the plaintiff was injured is not enough unless the standard of liability to be applied to the defendant is that of an insurer. See Sipprell v. Merner Motors, 164 Neb. 447, 82 N. W. 2d 648.

The problem in this case is the record does not show affirmatively that it was the ferris wheel that injured Jeffrey. The plaintiff cites and relies upon a number of cases in which res ipsa loquitur was applied and recovery was allowed where the plaintiff had been injured while riding on an amusement device. In these cases there was evidence of some defect or malfunction in the device or its operation that caused the injury. There was no evidence here of what caused the injury. We conclude the evidence was not sufficient for the doctrine of res ipsa loquitur to be applicable and did not present a question for the jury.

The judgment of the District Court is affirmed.

AFFIRMED.

SMITH, J., dissenting:

The facts of the injury to plaintiff permit, but do not compel, an inference of causative negligence on the part of defendant. The situation is a type that may be subject to the doctrine of res ipsa loquitur, and plaintiff established the requisite elements. Contrast Sipprell v. Merner Motors, 164 Neb. 447, 82 N. W. 2d 648 (1957).

The doctrine does not denominate a defendant an insurer, for it is simply an evidentiary rule that carries

the claim to the trier of fact. See, McCall v. St. Joseph's Hospital, 184 Neb. 1, 165 N. W. 2d 85 (1969); Benedict v. Eppley Hotel Co., 159 Neb. 23, 65 N. W. 2d 224 (1954).

I respectfully dissent.