LeRoy P. Maly and Sue E. Maly, appellants, v. Arbor Manor, Inc., a Nebraska corporation, defendant and third-party plaintiff, and Kinning & Reil, Inc., a Nebraska corporation, and Rump's, Inc., a Nebraska corporation, third-party defendants, appellees.

404 N.W.2d 419

Filed April 24, 1987.   No. 85-687.

Sidner, Svoboda, Schilke, Wiseman, Thomsen & Holtorf, for appellants.

P. Shawn McCann and Joseph S. Daly of Sodoro, Daly & Sodoro, for appellee Arbor Manor.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

HASTINGS, J.

Plaintiffs appeal the judgment of the district court for Dodge County, Nebraska, sustaining the defendant's motion for summary judgment in an action for damages to their property arising out of two sewer backups into their home.

In their amended petition the plaintiffs alleged the following facts: that the defendant owned certain property in Fremont, Nebraska, upon which it built a nursing home in 1966; that near the time the defendant constructed the nursing home it also constructed a manhole on that property, which tied the nursing home into the Country Acres sewer system which provides sanitary sewer services for both the plaintiffs and the defendant; that the manhole was defective in that there was a hole at the base of it which caused water from outside of the sanitary sewer system to infiltrate into the system, which caused the sewer system to back up and discharge raw sewage into the plaintiffs' home on August 1, 1981, and May 21, 1982; that these sewer backups caused damage to the plaintiffs; that the manhole was under the control and management of the defendant; that the sewer backups were such that in the ordinary course of things they would not have occurred if the defendant had used proper care; that these facts permit an inference of negligence under the doctrine of res ipsa loquitur; and that the maintenance of the manhole constituted a nuisance which impaired the comfort and health of the plaintiffs to their damage.

The defendant answered with a general denial and alleged that the damages suffered by the plaintiffs, if any, were proximately caused by the negligence of a third party.

The matter came before the district court on the defendant's motion for summary judgment, during which a third-party defendant's answers to interrogatories, LeRoy P. Maly's affidavit and supporting photographs, the third-party complaint, the answer to the third-party complaint, and an affidavit and report of a civil engineer were submitted for the court's consideration. The court sustained the defendant's motion for summary judgment, and the plaintiffs, after their motion for a new trial was overruled, appealed.

The plaintiffs contend the court erred in sustaining the

defendant's motion for summary judgment. In support of this argument, the plaintiffs assert that the doctrines of res ipsa loquitur and nuisance apply to the facts in this case. We agree, and therefore reverse the order of the district court.

The plaintiffs' first cause of action was based on the doctrine of res ipsa loquitur.

> The doctrine of res ipsa loquitur is that where the instrumentality causing the injury is shown to be under the defendant's exclusive control and management and the accident is one that in the ordinary course of things does not occur if those who have its management or control use proper care, reasonable evidence is afforded, in the absence of an explanation by the defendant, that the accident arose from want of proper care.

*Beatty v. Davis*, 224 Neb. 663, 665, 400 N.W.2d 850, 852 (1987). From this, the plaintiffs assert there were genuine issues of fact on the propositions (1) that the defendant was in exclusive control of the instrumentality which caused the sewer backups and (2) that the backups would not have occurred in the ordinary course of things if the defendant had used proper care.

Addressing this first contention, we note that in the plaintiffs' amended petition they alleged that the manhole was under the control and management of the defendant at all times relevant to the lawsuit. They did not, however, allege that the manhole was under the defendant's *exclusive* control and management. Although it would have been better had the plaintiffs alleged that the manhole was under the defendant's exclusive control and management, it was not fatal for them to have not included the word "exclusive." This is because we sometimes have used "exclusive" when describing the elements of a res ipsa loquitur case, sometimes have not, and sometimes have used "control and management" in one paragraph and "exclusive control and management" in another. For an example of the first, see *Beatty v. Davis, supra*; for the second, see *Fynbu v. Strain*, 190 Neb. 719, 211 N.W.2d 917 (1973); and for the third, see *Asher v. Coca Cola Bottling Co.*, 172 Neb. 855, 112 N.W.2d 252 (1961), a case in which we stated that the instrumentality causing the injury only had to be under the defendant's "control and management" but then went ahead

and discussed what "exclusive" control and management meant when applying the doctrine to a manufacturer of bottled goods sold to a retailer, which in turn sold them to a consumer. Despite these somewhat equivocal recitations of the elements of the res ipsa loquitur doctrine, whenever control and management were really at issue we have held that the plaintiff must prove that the instrumentality was in the defendant's "exclusive" control and management. See, e.g., *Asher v. Coca Cola Bottling Co., supra; McCall v. St. Joseph's Hospital*, 184 Neb. 1, 165 N.W.2d 85 (1969); *Weston v. Gold & Co.*, 167 Neb. 692, 94 N.W.2d 380 (1959). Thus, even though they left out the word "exclusive" in their petition, the plaintiffs in this case still must show there is a material issue of fact as to whether the defendant was in the "exclusive" control and management of the manhole.

The evidence presented at the hearing on the motion for summary judgment raised a question of fact as to the exclusiveness of the defendant's control and management of the manhole. The plaintiffs' petition alleged that the defendant built the manhole and has maintained it since. Supporting these allegations is information supplied by the third-party defendant Rump's, Inc., in its answer to the third-party complaint and in its answers to interrogatories. Rump's stated that it replaced, *at the defendant's request*, a 6-inch fiber pipe with a 6-inch clay tile pipe running easterly from the manhole. Rump's also stated that on September 1, 1982, the president of the defendant called Rump's to ask whether it would help make temporary repairs to the manhole. These statements directly support the allegation that the defendant was in exclusive control and management of the manhole. However, Rump's also stated that the defendant called it about the September 1982 repairs in order to get the Fremont Department of Utilities off the defendant's back. In that conversation, the president of the defendant made reference to three letters it had received from the utility. Also, Rump's stated that the department of utilities, "which was responsible for inspection of construction work attached to the city sewers, did not inspect the work on the construction of the manhole, according to Department of Utilities' records." This evidence suggests that the defendant

did not have exclusive control and management of the manhole. Thus, there is a genuine question of a material fact as to the defendant's *exclusive* control and management of the manhole, and summary judgment on the plaintiffs' first cause of action was improperly granted unless the plaintiffs did not present an issue of fact on the second element of a res ipsa loquitur case.

The second element of a res ipsa loquitur case is that the claimed injury would not have occurred in the ordinary course of things if the defendant had used proper care. It is obvious that sewers back up for a variety of reasons; some the result of negligence, others not. See, e.g., *Freitag v. Montello*, 36 Wis. 2d 409, 153 N.W.2d 505 (1967) (backup due to temporary obstruction in main sewerline). However, the plaintiffs did not make a general allegation that sewers do not back up in the absence of negligence. The plaintiffs have pinpointed the physical cause of the sewer backup as having resulted from a defective manhole on the defendant's property, which allowed excess infiltration into the sanitary sewer system. Thus, the plaintiffs have alleged that a manhole does not ordinarily allow excess water to enter the sanitary sewer system, thereby causing a backup of that system, if the entity controlling or managing that manhole has used proper care. This is a proper allegation.

In Nebraska, however, it is clear that if specific acts of negligence are alleged or there is direct evidence of the precise cause of the accident, the doctrine of res ipsa loquitur is not applicable. *Beatty v. Davis*, 224 Neb. 663, 400 N.W.2d 850 (1987); *Lund v. Mangelson*, 183 Neb. 99, 158 N.W.2d 223 (1968); *Nekuda v. Allis-Chalmers Manuf. Co.*, 175 Neb. 396, 121 N.W.2d 819 (1963); *Miratsky v. Beseda*, 139 Neb. 229, 297 N.W. 94 (1941). The doctrine is applicable only where the plaintiff is unable to allege or prove the particular *act of negligence* which caused the injury. *Security Ins. Co. v. Omaha Coca-Cola Bottling Co.*, 157 Neb. 923, 62 N.W.2d 127 (1954).

At first blush it appears that the plaintiffs have alleged the specific act of negligence which led to their injuries and that therefore the doctrine of res ipsa loquitur is not applicable. That is, however, not the case. The plaintiffs have, indeed, pinpointed the physical cause of the sewer backup. This they

needed to do in order to show both that the defendant was in exclusive control and management of the instrumentality that caused the harm and that the sewer would not have backed up in this manner in the absence of the defendant's negligence. They have not, however, alleged or proved what the legal cause of the sewer backup was. The legal cause of the sewer backup could have been negligent construction of the manhole, negligent inspection of the construction work, or negligent failure to inspect the manhole periodically, to name a few. For discussion of physical versus legal cause in this context, see 1 S. Speiser, The Negligence Case, Res Ipsa Loquitur § 5:21 (1972).

This case is very similar to *Nownes v. Hillside Lounge, Inc.*, 179 Neb. 157, 137 N.W.2d 361 (1965), a case in which plaintiff tipped over on the defendant's barstool and was injured. The plaintiff relied on the doctrine of res ipsa loquitur and recovered a verdict of $6,000. The defendant on appeal contended that the doctrine of res ipsa loquitur was inapplicable because the evidence established why, as well as how, the accident occurred. We stated:

> The evidence in this case shows that the accident occurred because the plate which was fastened to the floor became loose. There are many reasons why the plate may have become loose. . . .
>
> . . . We believe that the doctrine of res ipsa loquitur is applicable and in the absence of an explanation from the defendant, the facts permit an inference of negligence on the part of the defendant.

*Id.* at 159, 137 N.W.2d at 362-63. Similarly, the allegations and affidavits presented on the motion for summary judgment in this case permit an inference of negligence; therefore, the court was incorrect in sustaining the defendant's motion for summary judgment on plaintiffs' first cause of action.

The district court was also incorrect in sustaining the defendant's motion for summary judgment as to the plaintiffs' second cause of action, that of nuisance. The plaintiffs alleged that the defendant's maintenance of the manhole was a nuisance.

> [T]he use made by one of his property which works an irreparable injury to the property of his neighbor, the use

made by one of his property whereby the unwritten but accepted law of decency is violated, the use made by one of his property whereby his neighbor is deprived of the reasonably comfortable use and enjoyment of his own property, the use made by one of his property which will probably or likely endanger the health and the life of his neighbor, are private nuisances . . . .

*Lowe v. Prospect Hill Cemetery Ass'n*, 58 Neb. 94, 107, 78 N.W. 488, 492 (1899).

The "use" the plaintiffs contend the defendant made of its property was maintenance of a defective manhole which allowed excess water to infiltrate into the sanitary sewer system, which in turn caused the sewer to back up twice into the plaintiffs' home. This is supported by the affidavit and attached report entitled "Sanitary Sewer Investigation, Country Acres Addition, Fremont, Nebraska," prepared by Stephen L. Hergert of Wells Engineers, Inc. The damages and expenses sustained by the plaintiffs as a result of the two sewer backups are detailed in LeRoy Maly's affidavit. Certainly this evidence creates an issue of fact as to whether the defendant's use of its property created a nuisance.

It bears noting that courts in other jurisdictions have recognized that plaintiffs can state a cause of action for nuisance under similar situations. In *Town of Rome City v. King*, 450 N.E.2d 72 (Ind. App. 1983), two residents of Rome City brought an action against the municipality, alleging negligence and nuisance arising out of the operation of a pumping station, which on several occasions caused raw sewage to flow onto one of the residents' lots. Similarly, in *Dempsey v. City of Souris*, 279 N.W.2d 418 (N.D. 1979), the plaintiffs brought a nuisance action in connection with the operation of a sewage lagoon, which at various times overflowed onto the plaintiffs' land. In both of those cases the courts affirmed the awards of damages to the plaintiffs caused by the nuisances.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.