KAREN L. WIDGA, PERSONAL REPRESENTATIVE OF THE ESTATE OF BRANDON DALE WIDGA, DECEASED, APPELLANT, V. ELWOOD SANDELL, APPELLEE.
464 N.W.2d 155

Filed January 4, 1991.   No. 88-887.

Raymond E. Baker, of Law Offices of Raymond E. Baker, P.C., for appellant.

Ray C. Simmons for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Following sustainment of defendant-appellee Elwood Sandell's general demurrer to her third amended petition, plaintiff-appellant Karen L. Widga, personal representative of the estate of her deceased son, Brandon Dale Widga, elected to stand on that operative pleading. The district court thereupon dismissed the suit. Plaintiff asserts the dismissal was erroneous because in determining that the operative petition did not state a cause of action, the court failed to apply the special rules relating to trespassing children and failed as well to apply the rules pertinent to the res ipsa loquitur doctrine. We affirm.

By the operative petition, plaintiff, as personal representative, seeks to recover for the claimed wrongful death of her then 15-month-old son, along with the damages asserted to have been sustained by his estate. In addition, she, in her own right and as the assignee of decedent's $8\frac{1}{2}$-year-old sister's rights, seeks to recover those damages allegedly occasioned as a result of the mental anguish plaintiff and the sister experienced in being subjected to decedent's suffering.

We begin by noting that when considering a general demurrer, that is, one which challenges the sufficiency of the allegations to state a cause of action, the petition is to be liberally construed, and if as so construed the petition states a cause of action, the demurrer is to be overruled. *Weimer v. Amen*, 235 Neb. 287, 455 N.W.2d 145 (1990). So construed, the balance of the operative petition avers that land owned, possessed, and controlled by defendant is located directly across from land occupied by plaintiff's family, adjacent to an alley which separates the two premises; that after the death of plaintiff's son, there was found in a garage on defendant's land a partial bag of an extremely toxic pesticide which is inherently dangerous to humans even in minute quantities; and that defendant knew of the pesticide's poisonous nature. Defendant regularly used the pesticide and had, prior to the death of plaintiff's child, assisted his own son in applying it to the latter's

fields. Defendant maintained an incinerator on his land in an area near the alley where defendant knew decedent and other children played. While decedent and his sister were playing on defendant's land and as a proximate result of defendant's negligence, the decedent ingested some of the aforedescribed pesticide, began to have respiratory difficulties, appeared to experience convulsions, and died 3 days later. The operative petition further alleges that in the normal course of events, decedent would not have died but for the negligence of defendant's son.

Our analysis is further controlled by the requirement that in ruling on a general demurrer, a court must accept the truth of the facts well pled and the factual and legal inferences which may reasonably be deduced from such facts, but does not assume the truth of the pleader's conclusions. *Parrett v. Platte Valley State Bank, ante* p. 139, 459 N.W.2d 371 (1990); *S.I.D. No. 272 v. Marquardt*, 233 Neb. 39, 443 N.W.2d 877 (1989). Nor may a court assume the existence of any facts not alleged, find facts in aid of the pleading, or consider evidence which may be introduced at trial. *Security Inv. Co. v. State*, 231 Neb. 536, 437 N.W.2d 439 (1989). See *Moore v. Grammer*, 232 Neb. 795, 442 N.W.2d 861 (1989).

At this point we recall that a cause of action consists of the fact or facts which give one the right to judicial relief. *S.I.D. No. 272 v. Marquardt, supra*; *Schoneweis v. Dando*, 231 Neb. 180, 435 N.W.2d 666 (1989). Each theory of recovery pled in this case sounds in negligence. The longstanding rule is that to state a cause of action for negligence, one must plead facts from which it can be inferred that the defendant owed a legal duty to protect the plaintiff from injury, that the defendant failed to discharge that duty, and that damage proximately resulted from that failure. See, *First Nat. Bank of Omaha v. State*, 230 Neb. 259, 430 N.W.2d 893 (1988); *Topil v. Hub Hall Co.*, 230 Neb. 151, 430 N.W.2d 306 (1988); *Ring v. Kruse*, 158 Neb. 1, 62 N.W.2d 279 (1954).

The duty of a possessor of land, insofar as it pertains to children of tender years, does not depend upon whether the child is an invitee, licensee, or trespasser. See *Davis v. Cunningham*, 196 Neb. 8, 241 N.W.2d 343 (1976). Rather, a

possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if (1) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, (2) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, (3) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, (4) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and (5) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children. *Gubalke v. Estate of Anthes*, 189 Neb. 385, 202 N.W.2d 836 (1972); Restatement (Second) of Torts § 339 (1965).

Yet, a possessor of land is not an insurer of all who come upon the land. See *Syas v. Nebraska Methodist Hospital Foundation*, 209 Neb. 201, 307 N.W.2d 112 (1981). In the case of an invitee we have held that it is the superior knowledge the invitor has or should have which is the foundation of liability; absent such superior knowledge, no liability exists. *Bray v. Kate, Inc.*, 235 Neb. 315, 454 N.W.2d 698 (1990); *Kliewer v. Wall Constr. Co.*, 229 Neb. 867, 429 N.W.2d 373 (1988). Such also is the case with respect to the duty of a possessor of land to children of tender years, for, as we said in *Gubalke, supra*, a possessor cannot be expected to make the land completely "childproof." Thus, a possessor of land has no liability to a child of tender years for an artificial condition on the land unless the possessor knows or has reason to know of the condition in question. The Restatement, *supra*, comments *g.* and *h*.

Consequently, even if we indulge in the inference for which plaintiff contends, that the decedent ingested the pesticide at the site of the incinerator where defendant knew children were wont to play, no facts have been pled from which we can reasonably infer that defendant knew or should have known of the presence of the pesticide at that location. That a partial bag

of the substance was stored in defendant's garage and that he had used it on his son's fields at an undisclosed location do not lead to an inference that defendant spilled or otherwise placed the pesticide at the place where decedent found it or that defendant knew or had reason to know that someone else had done so.

Thus, the controlling question becomes whether plaintiff has properly pled the doctrine of res ipsa loquitur. Under this doctrine, when an instrumentality under the exclusive control and management of the alleged wrongdoer produces an occurrence which would not, in the ordinary course of things, come to pass in the absence of the negligence of the one having such management and control, the occurrence itself, in the absence of explanation by the alleged wrongdoer, affords evidence that the occurrence arose as the result of the alleged wrongdoer's negligence. *Maly v. Arbor Manor, Inc.*, 225 Neb. 276, 404 N.W.2d 419 (1987); *Beatty v. Davis*, 224 Neb. 663, 400 N.W.2d 850 (1987); *Fynbu v. Strain*, 190 Neb. 719, 211 N.W.2d 917 (1973); *McCall v. St. Joseph's Hospital*, 184 Neb. 1, 165 N.W.2d 85 (1969); *Security Ins. Co. v. Omaha Coca-Cola Bottling Co.*, 157 Neb. 923, 62 N.W.2d 127 (1954); *Miratsky v. Beseda*, 139 Neb. 229, 297 N.W. 94 (1941). Literally, the "thing speaks for itself."

Whatever may be the limits of the requirement that the management and control of the instrumentality exclusively be in the alleged wrongdoer, plaintiff's allegation that in the normal course of events her child would not have died but for the negligence of defendant's son forecloses an inference that defendant had control and management of the instrumentality in question (the pesticide) at the time it found its way, by whatever means, to the location at which it is claimed to have caused the death. At the minimum, that much control in the alleged wrongdoer is required. *Victory Park Apartments, Inc. v. Axelson*, 367 N.W.2d 155 (N.D. 1985) (doctrine not available to landlord in action against tenant where evidence showed cigarette which ignited couch could have been under control of any one of three smokers). See, also, *Asher v. Coca Cola Bottling Co.*, 172 Neb. 855, 112 N.W.2d 252 (1961) (evidence that drink container in which deleterious substance found was

sealed by manufacturer held sufficient to permit application of doctrine to manufacturer notwithstanding that drink was sold by another); *Benedict v. Eppley Hotel Co.*, 159 Neb. 23, 65 N.W.2d 224 (1954) (doctrine held to apply against operator of hotel when chair it provided collapsed while patron was sitting on it). Thus, even if we assume the effort to plead res ipsa loquitur is not otherwise defective, the attempt is unsuccessful because of the failure to plead any degree of control and management in defendant.

Being correct, the judgment of the district court is affirmed.

AFFIRMED.